IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| HUNTER K. LUNDGREN, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:25-CV-01093 |
| | ) | Judge Waverly D. Crenshaw, Jr. |
| | ) | |
| JOSHUA HAMLETT, | ) | |
| JAMES ZAHN, | ) | |
| COLONEL MATT PERRY, | ) | |
| CAPTAIN CHRISTY WALLACE, | ) | |
| RALPH BELLO, | ) | |
| WILLIAM "CHIP" KAIN, and | ) | |
| STATE OF TENNESSEE, | ) | |
| | ) | |
|     Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT STATE OF TENNESSEE'S MOTION TO DISMISS**

**INTRODUCTION**

The Defendant State of Tennessee respectfully moves to dismiss all claims against it. Plaintiff Hunter Lundgren is suing the State for the alleged §1983 and state-law violations of other defendants. That is a legal impossibility. The State has sovereign immunity against all claims that Lundgren brings here. And sovereign immunity aside, the State is not subject to § 1983 liability. Dismissal under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) is therefore required.

## BACKGROUND

This suit arises from the investigation and arrest of Plaintiff Hunter Lundgren for driving under the influence on September 29, 2024. On that day, Lundgren drove his car off-road, over a ditch, and into a field. Complaint, Dkt. 1 at 5, ¶20.[1] Lundgren alleges that Tennessee Highway Patrol (THP) Troopers James Zahn and Joshua Hamlett then illegally detained Lundgren for field sobriety testing, arrested Lundgren for driving under the influence after he "passed" the field sobriety tests, and coerced Lundgren's consent for blood testing. *Id*. at 5, ¶20; *Id*. at 13-14, ¶¶80-88. Lundgren claims the blood test confirmed he was not driving under the influence. *Id*. at 10, ¶ 63.

This suit ensued. Lundgren has sued the State, Troopers Zahn and Hamlett in their individual capacities, and several state officials — THP Captain Christy Wallace, Tennessee Law Enforcement (TLETA) Director Ralph Bello, and Deputy Commissioner William "Chip" Kain — also in their individual capacities. *Id*. at 2-3. Lundgren has also sued THP Colonel Matt Perry but has not stated in what capacity. *Id*. at 2, ¶11.

Although Lundgren does not identify any specific claims against the State, his complaint includes a "Monell" claim, alleging the THP and the other named defendants have instituted a "custom and culture of violating the constitutional rights of others." *See id*. at 16-17. And Lundgren asserts claims for assault, battery, and negligence under state law against all "Defendants." *Id*. at 19. Lundgren seeks injunctive relief, as well as compensatory and punitive money damages against all "Defendants." *Id*. at 20-23.

---

[1] Pincites to docket entries refer to the Page ID file-stamp pagination.

## LEGAL STANDARD

A Rule 12(b)(1) motion challenges subject matter jurisdiction. When faced with such a challenge, the Court must "presume that [it] lack[s] jurisdiction." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006). And the plaintiff must prove jurisdiction exists "in order to survive the motion." *Rogers v. Stratton Indus.*, 798 F.2d 913, 915 (6th Cir. 1986). Likewise, "threshold question[s]" regarding immunity defenses must be resolved at the outset of a case "before permitting discovery." *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998).

A Rule 12 (b)(6) motion challenges the sufficiency of the complaint. To withstand a motion to dismiss under Rule 12(b)(6), a complaint must plead facts sufficient "to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 570 (2007). A claim is plausible when the plaintiff alleges facts that create a reasonable inference "that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). In considering a motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded allegations in the complaint as true. *See Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir.1998).

## ARGUMENT

Lundgren's theory of liability against the State is unclear. He alleges no factual allegations against the State. And he asserts a "Monell" claim under 42 U.S.C. § 1983 against THP — an entity that is *not* a named defendant in this suit — and other individually named defendants. Dkt. 1 at 16-17. Lundgren also asserts a claim for assault, battery, and negligence under state law against all "Defendants." *Id*. at 19. Confusion aside, all of Lundgren's claims against the State are barred by sovereign immunity and subject to dismissal under Rule 12(b)(1). And any Section

3

1983 claim against the State runs afoul of Rule 12(b)(6) because the State cannot be sued under that statute.

I. **The Eleventh Amendment Bars Suit Against the State of Tennessee.**

This Court lacks subject matter jurisdiction over any claims Lundgren is attempting to bring against the State under the doctrine of sovereign immunity. Under the Eleventh Amendment, courts lack jurisdiction over "any suit in law or equity" filed against a state. U.S. Const. amend. XI. The only exceptions to sovereign immunity in federal courts are: (1) when the exception established by the *Ex parte Young* doctrine applies, (2) when the State waives immunity, or (3) when Congress abrogates state sovereign immunity. *S&M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008).

None of these exceptions apply here. The *Ex parte Young* exception "has no application in suits against the States and their agencies… regardless of the relief sought." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993). Tennessee has not waived its immunity with respect to civil rights suits or state-law claims. Tenn. Code Ann. § 20-13-102(a); *Berndt v. State of Tenn.*, 796 F.2d 879, 881 (6th Cir. 1986). And Congress did not expressly abrogate immunity in 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). Thus, Lundgren's claims are barred outright by sovereign immunity.

II. **The State is not Subject to Liability Under Section 1983.**

Sovereign immunity aside, any attempt to bring a Section 1983 claim — *Monell* or otherwise — against the State would still fail. Section 1983 only authorizes suits against a "person" who violates another person's federal rights under color of state law. 42 U.S.C. § 1983. Because the law is well-settled that neither a state nor a state agency is a "person" under § 1983, these entities are not subject to liability under this statute. *Will*, 491 U.S. at 66-69. Accordingly,

Lundgren cannot sustain any "§ 1983 claims against the State, whether for damages or for injunctive relief." *McKee v. Tennessee*, No. 3:09-0321, 2009 WL 3517665, at *8 (M.D. Tenn. Oct. 26, 2009).

## CONCLUSION

For these reasons, the Court should dismiss the State of Tennessee.

Respectfully submitted,

JONATHAN SKRMETTI
Attorney General and Reporter

/s / Hollie R. Parrish
HOLLIE R. PARRISH, BPR 037888
*Assistant Attorney General*
Law Enforcement and
Special Prosecutions Division
P.O. Box 20207
Nashville, Tennessee 37202-0207
Phone: (615) 741-8086
Fax: (615) 532-2541
Hollie.Parrish@ag.tn.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and exact copy of the foregoing was filed and served via the Court's electronic filing system on this the 13th day of January 2026, upon:

H. FRANKLIN CHANCEY
P.O. Box 42
Cleveland, TN 37364
(423) 479-9186
franklin@cklplaw.com
*Counsel for Plaintiff*

                                                /s/ *Hollie R. Parrish*
                                                HOLLIE R. PARRISH