IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| HUNTER K. LUNDGREN, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:25-CV-01093 |
| | ) Judge Waverly D. Crenshaw, Jr. |
| JOSHUA HAMLETT, | ) |
| JAMES ZAHN, | ) |
| COLONEL MATT PERRY, | ) |
| CAPTAIN CHRISTY WALLACE, | ) |
| RALPH BELLO, | ) |
| WILLIAM "CHIP" KAIN, and | ) |
| STATE OF TENNESSEE, | ) |
| Defendants. | ) |

**DEFENDANTS COLONEL MATT PERRY, CAPTAIN CHRISTY WALLACE, DIRECTOR RALPH BELLO, and COMMISSIONER WILLIAM "CHIP" KAIN'S MOTION TO DISMISS AND MEMORANDUM OF LAW**

## INTRODUCTION

Plaintiff Hunter Lundgren's suit against Tennessee Highway Patrol (THP) Colonel Matt Perry, THP Captain Christy Wallace, Tennessee Law Enforcement (TLETA) Director and Tennessee Peace Officers Standards & Training Commission (POST) Executive Secretary Ralph Bello, and Tennessee Department of Commerce & Insurance (TDIC) Commissioner William "Chip" Kain (collectively "these Defendants") should be dismissed under Fed. R. Civ. P. 12(b)(6). Lundgren is attempting to hold these officials responsible for the alleged misconduct of other officers. But he fails to allege a viable legal theory or sufficient factual allegations to support an individual capacity claim against them. And to the extent he is bringing an official capacity claim,

1

it is barred by sovereign immunity, for which no exception applies. Accordingly, all claims should be dismissed.

## BACKGROUND

This suit arises from the investigation and arrest of Plaintiff Hunter Lundgren for driving under the influence on September 29, 2024. On that day, Lundgren drove his car off-road, over a ditch, and into a field. Complaint, Dkt. 1 at 5, ¶20.[1] Lundgren alleges that Tennessee Highway Patrol (THP) Troopers James Zahn and Joshua Hamlett then illegally detained Lundgren for field sobriety testing, arrested Lundgren for driving under the influence after he "passed" the field sobriety tests, and coerced Lundgren's consent for blood testing. *Id*. at 5, ¶20; *Id*. at 13-14, ¶¶80-88. Lundgren claims the blood test confirmed he was not driving under the influence. *Id*. at 10, ¶ 63.

This suit ensued. Lundgren has sued the State, Troopers Zahn and Hamlett in their individual capacities, and several state officials—THP Captain Christy Wallace, TLETA Director and Post Executive Secretary Ralph Bello, and TDIC Commissioner William Kain—also in their individual capacities. *Id*. at 2-3. He has also sued THP Colonel Matt Perry but has not stated in what capacity. *Id*. at 2, ¶11.[2]

Lundgren's brings six "Counts" in this lawsuit—(1) unlawful seizure, (2) false arrest and illegal search, (3) state-law claims of false imprisonment, (4) a "Monell" claim, (5) state-law claims for assault, battery and negligence, and (6) injunctive relief—but fails to specify which of these claims pertain to these Defendants. *Id*. at 11-23. Although the crux of his suit against these

---

[1] Pincites to docket entries refer to the Page ID file-stamp pagination.

[2] The State has moved to dismiss. *See* Def. State of Tennessee's Mot. to Dismiss, Dkt. 22. And, contemporaneous with this motion, Troopers Lundgren and Hamlett have filed answers denying liability.

Defendants seems to fall under the "Monell" claim (Count Four) and the request for injunctive relief (Count Six), Lundgren, at times, addresses each Count broadly to all "Defendants." *See, e.g.*, Dkt. 1 at 13, ¶77 (Claiming "[t]he Defendants acted intentionally, maliciously or with callous disregard" of Plaintiff's rights against unlawful seizure.). Lundgren seeks injunctive relief, as well as compensatory and punitive money damages against all "Defendants." *Id*. at 20-23.

## LEGAL STANDARD

A Rule 12 (b)(6) motion challenges the sufficiency of the complaint. To withstand a motion to dismiss under Rule 12(b)(6), a complaint must plead facts sufficient "to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 570 (2007). A claim is plausible when the plaintiff alleges facts that create a reasonable inference "that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). In considering a motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded allegations in the complaint as true. *See Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir.1998).

## ARGUMENT

This Court should dismiss Lungren's suit against these Defendants. Lundgren brings six Counts—four of which fail outright. Counts One (unlawful seizure), Two (false arrest and illegal search), Three (false imprisonment), and Five (assault, battery, and negligence) arise exclusively from the conduct of Trooper Zahn and Trooper Hamlett during a September 2024 incident. Compl., Dkt. 1 at 11–20. Although Lungren occasionally refers generically to "the Defendants," he alleges no facts showing that any of these supervisory officials participated in, directed, or were otherwise responsible for the challenged conduct. As to these Defendants, those Counts fail to state a claim and must be dismissed under Rule 12(b)(6).

3

That leaves only the "Monell" claim (Count Four) and the request for injunctive relief (Count Six). *Id.* at 16-19; *Id.* at 20-23. But these too fail. *Monell* liability only applies in municipal official capacity suits, which Lundgren does not bring here. *Monell v. Department of Soc. Services of City of New York*, 436 U.S. 658 at 659 (1978). Nor does he assert a viable claim for supervisory liability. And to the extent Lundgren is attempting to sue Colonel Perry in his official capacity, this claim is barred by sovereign immunity. Thus, all claims against these Defendants fail and no request for relief, injunctive or otherwise, is viable.

I. **A *Monell* Claim Fails Because These Defendants are State Employees and *Monell* Applies Exclusively to Official Capacity Suits Against Municipalities.**

Lundgren titles his fourth count "Monell Claim." Compl., Dkt. 1 at 16. In doing so, he appears to be citing the Supreme Court case by the same name where that court created a framework for suing "local governing bodies" and "local officials…in their official capacities" under § 1983. *Monell,* 436 U.S. 658 at 659. So, any attempt to bring a *Monell* claim against these Defendants automatically fails. *Monell* liability applies exclusively applies to municipal entities—cities, counties, and local governmental bodies—and requires proof of municipal policy or custom. *Id.* at 694. *Monell* offers no mechanism for suing state "officials acting in their official capacities." *Will v. Michigan Dep't of State Police*, 491 U.S. 58 at 71 (1989). Nor is it compatible with an individual capacity suit. *Monell* liability, by definition, requires proof that local policy, not individual action, is "the moving force" behind constitutional violations. *Hanson v. Madison Cnty. Det. Ctr.*, 736 F. App'x 521, 541 (6th Cir. 2018). Because these Defendants are state officials, this Court should thus reject any attempt to bring a *Monell* claim here.

4

## II. Plaintiff's Individual Capacity Supervisory Liability Claims Fail.

Count Four, the *Monell* claim, also includes allegations that these Defendants have failed to properly supervise, discipline, or train employees. *See, e.g.*, Compl., Dkt. 1 at 17-19, ¶¶121, 122, 123, 124, 125, 126, 127, 128, 129. To the extent Lundgren is relying on these allegations to bring supervisory liability claims against these Defendants in their individual capacities, including Colonel Perry, they fail.

*Respondeat superior* is not a basis for imposing liability on supervisory officials under Section 1983. *Rizzo v. Goode*, 423 U.S. 362, 373-77 (1976); *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Neither is sloppiness, recklessness, or negligence. *See Garza v. Lansing Sch. Dist.*, 972 F.3d 853, 866 (6th Cir. 2020). Each government official is liable only for his or her own misconduct, not that of subordinates. *Does v. Whitmer*, 69 F.4th 300, 306 (6th Cir. 2023).

For supervisory liability to attach, a plaintiff must show a defendant encouraged the violation of the plaintiff's rights or in some other way directly participated in it. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). At minimum, a defendant must have implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of an offending subordinate officer. *Shehee*, 199 F.3d 295 at 300. In other words, supervisory liability attaches if a defendant possesses information revealing a "strong likelihood" of unconstitutional conduct by a subordinate but fails to prevent the misconduct, causing the plaintiff's alleged harm. *Doe v. City of Roseville,* 296 F.3d 431, 439 (6th Cir.2002), *cert. denied,* 537 U.S. 1232 (2003). In such circumstances, the defendant is said to have exhibited "deliberate indifference" to violations of the of the plaintiff's constitutional rights. *Lynn v. City of Detroit*, 98 F. App'x 381, 385 (6th Cir. 2004).

Lundgren cannot meet this threshold. His claims against these Defendants are conclusory. He alleges only that Colonel Perry is "in charge" of the THP and that Captain Wallace is "in

charge" of the THP" and the Tennessee Department of Safety Training Center. Compl., Dkt. 1 at 2, ¶¶10-11. From those titles alone, he asserts that they caused "numerous wrongful arrests and violations of constitutional rights" by failing to supervise, train, or discipline officers and by acting with deliberate indifference to an alleged pattern of misconduct. Compl., Dkt. 1 at 16-17, ¶¶115, 116, 121, 122, 123, 124, 125, 126, 127, and 128. These allegations recite legal labels, not facts.

Lundgren's allegations against Director Bello and Commissioner Kain are even more threadbare. Aside from their titles, Lundgren claims only that Director Bello and Commissioner Kain "failed to properly train officers on investigating DUI offenses and evaluating DUI suspects." *Id.* at 18-19, ¶¶127, 128.

What is missing is *any* affirmative link between these Defendants and the alleged constitutional violations. Lundgren does not allege that Colonel Perry, Captain Wallace, Director Bello, or Commissioner Kain directly participated in, encouraged, authorized, or were even aware of any misconduct—related to this lawsuit or otherwise—by Trooper Zahn and Trooper Hamlett. Nor does he allege that these individuals trained Trooper Zahn or Officer Hamlett. Instead, Lundgren seems to presume these Defendants are liable simply because they *are* supervisors. But this type of "attenuated connection" cannot support a supervisory liability claim. *Whitmer*, 69 F.4th 300 at 306; *Hays v. Jefferson Cnty., Ky.,* 668 F.2d 869, 874 (6th Cir. 1982) (A "mere failure to act (even) in the face of a statistical pattern of incidents of misconduct" is not sufficient to confer supervisory liability). Thus, any claims for relief against these Defendants in their individual capacity, including the request for injunctive relief in Count Six of the complaint, premised on supervisory liability fails. Compl., Dkt. 1 at 20-23.

### III. Sovereign Immunity Bars an Official Capacity Claim against Colonel Perry.

Lundgren does not state that he is bringing an official suit against Colonel Perry. And it seems unlikely that he is trying to do so given that he has brought only individual capacity claims against the other defendants and is demanding compensatory and punitive damages from Colonel Perry. Compl., Dkt. 1 at 2-3, ¶¶ 6-13; *See Shepherd v. Wellman,* 313 F.3d 963, 969 (6th Cir. 2002) (holding that a request for monetary damages is "one factor that might place an individual on notice that he is being sued in his individual capacity."). But even if Lundgren is trying to bring an official capacity claim against Colonel Perry, he fails because Colonel Perry is shielded by sovereign immunity.

A state officer acting in his official capacity has sovereign immunity from suit in federal court. *S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008). That immunity stems from the Eleventh Amendment's bar on federal court jurisdiction over claims against states that have not consented to process. *Cady v. Arenac Cnty.*, 574 F.3d 334, 344-45 (6th Cir. 2009). And sovereign immunity compels dismissal of claims against any "arm" of state government, including official capacity claims against state officers, like Colonel Perry. *Ernst v. Rising*, 427 F.3d 351, 358 (6th Cir. 2005). To overcome this immunity, Lundgren's claims must fit into one of the three exceptions to sovereign immunity: (1) consent, (2) abrogation, or (3) the doctrine set forth in *Ex parte Young*. *McKamey v. Skrmetti*, No. 3:24-CV-00363, 2024 WL 3926502 at *10 (M.D. Tenn. Aug. 22, 2024). Tennessee "has not waived immunity to civil rights claims" and because 42 U.S.C. § 1983 "did not abrogate [Tennessee's] sovereign immunity," Lundgren must rely on the *Ex parte Young* exception against Colonel Perry. *Id.*

But *Ex parte Young* merely provides a "narrow exception" that allows Lundgren to seek relief "preventing state [] officials from enforcing state laws that are contrary to federal law."

7

*Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021). This narrow exception permits "prospective injunctive and declaratory relief" but "does not [] extend to any retroactive relief." *S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 508 (6th Cir. 2008). To determine the relief sought, the Court need only look at whether a complaint "alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Boler v. Earley*, 865 F.3d 391, 412 (6th Cir. 2017) (cleaned up).

Lundgren must also show causation by establishing that his injuries are redressable by the type of injunctive relief he is seeking. *Children's Healthcare is Legal Duty, Inc. v. Deters*, 92 F.3d 1412, 1415–16 (6th Cir. 1996) (citing *Papasan v. Allain*, 478 U.S. 265, 276 (1986)). To do so, any requested prohibitory injunction against Colonel Perry must actually "directly end[]" Lundgren's constitutional injury. *Kelley v. Metro. Cnty. Bd. of Educ.*, 836 F.2d 986, 991 (6th Cir. 1987) (quoting *Papasan*, 478 U.S. at 278). This principle parallels standing requirements, which demands that any requested remedy "redress the injury." *Tenn. Conf. of the NAACP v. Lee* ("*NAACP Registration*"), 105 F.4th 888, 901-02 (6th Cir. 2024) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)).

Lundgren cannot meet this burden. His constitutional violations stem from his criminal detention and arrest for driving under the influence in 2024. Compl., Dkt. 1, 3-11. And he does not allege that he was criminally prosecuted for this arrest, that this prosecution is ongoing, or any imminent threat of future prosecution. Thus, Lundgren's alleged injury constitutes "a one-time, past event" that does not provide a basis for the *Ex parte Young* exception. *Halabo v. Michael*, No. 21-12528, 2022 WL 982353 at *3 (E.D. Mich. Mar. 30, 2022) (cleaned up) (quoting *S & M Brands*, 527 F.3d at 509-10). Because Lundgren has not made any showing of imminent danger

of future arrest or prosecution, *Ex parte Young* does not provide an exception to Colonel Perry's sovereign immunity. *Id.*

Lundgren's demands for prospective injunctive relief cannot cure his failure to allege his own continuing constitutional violation. Much of the requested injunctive relief fails to implicate THP or Colonel Perry. *See, e.g., id.* at 20, ¶137 (demanding that "the State of Tennessee" should evaluate "current road signage" and "install additional warning signs"), *id.* at 21-22, ¶¶145-148 (demanding that TLETA and POST "revise existing training curriculum."). And Lundgren lacks the requisite causal link and standing to pursue the few requests for injunctive relief that do implicate THP. *See, e.g., id.* at 21, ¶144 (demanding that THP eliminate alleged incentives for officers to make DUI arrests. He identifies no ongoing constitutional violation that injunctive relief would "directly end[].". *Kelley*, 836 F.2d 986 at 991 (quoting *Papasan*, 478 U.S. at 278). Nor can his requested injunctive relief "redress" his past detention and arrest. *NAACP Registration*, 105 F.4th at 902 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)). Accordingly, *Ex parte Young* does not apply and the claims against Colonel Perry should be dismissed on sovereign immunity grounds.

## CONCLUSION

For these reasons, the Court should dismiss all claims against Colonel Perry, Captain Wallace, Director Bello, and Commissioner Kain.

9

Case 3:25-cv-01093    Document 27    Filed 02/06/26    Page 9 of 10 PageID #: 101

Respectfully submitted,

JONATHAN SKRMETTI
Attorney General and Reporter

/s / Hollie R. Parrish
HOLLIE R. PARRISH, BPR 037888
*Assistant Attorney General*
Law Enforcement and
Special Prosecutions Division
P.O. Box 20207
Nashville, Tennessee 37202-0207
Phone: (615) 741-8086
Fax: (615) 532-2541
Hollie.Parrish@ag.tn.gov

**CERTIFICATE OF SERVICE**

I hereby certify that a true and exact copy of the foregoing was filed and served via the Court's electronic filing system on this the February 6, 2026 upon:

H. FRANKLIN CHANCEY
P.O. Box 42
Cleveland, TN 37364
(423) 479-9186
franklin@cklplaw.com
*Counsel for Plaintiff*

/s/ *Hollie R. Parrish*
HOLLIE R. PARRISH