# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| HUNTER K. LUNDGREN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:25-CV-01093 |
| ) | Judge Waverly D. Crenshaw, Jr. |
| ) | |
| JOSHUA HAMLETT, ) | |
| JAMES ZAHN, ) | |
| COLONEL MATT PERRY, ) | |
| CAPTAIN CHRISTY WALLACE, ) | |
| RALPH BELLO, ) | |
| WILLIAM "CHIP" KAIN, and ) | |
| STATE OF TENNESSEE, ) | |
| ) | |
| Defendants. ) | |

## ANSWER ON BEHALF OF DEFENDANT JAMES ZAHN

Defendant James Zahn answers Plaintiff Hunger Lundgren's complaint as follows without waiving any defenses that may apply to other defendants.

## JURISDICTION AND VENUE

1. Admitted.

2. Admitted that if Lundgren asserts viable claims under the U.S. Constitution and 42 U.S.C. Section § 1983 against Trooper Zahn, this Court would have supplemental jurisdiction over any state law claims that arise out of the same case or controversy. Otherwise, the allegations contained in this paragraph are denied.

3. Admitted.

4. Admitted that Lundgren has made the stated allegations against Trooper Zahn. Denied that Trooper Zahn violated Lundgren's constitutional rights or state law.

1

5. Admitted that Lundgren is seeking the asserted relief against Trooper Zahn. Denied that Lundgren is entitled to such relief.

## PARTIES

6. Trooper Zahn lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

7. Admitted that THP employed Trooper Hamlett on September 29, 2024, and that Lundgren is suing Trooper Hamlett in his individual capacity. The remainder of the allegations in this paragraph are denied.

8. Admitted that THP employed Trooper Zahn on September 29, 2024, and that Lundgren is suing Trooper Zahn in his individual capacity. The remainder of the allegations in this paragraph are denied.

9. Admitted.

10. Admitted.

11. Admitted that Captain Christy Wallace was the Director of Training at THP on September 29, 2024, and admitted that Lundgren is suing Captain Wallace in her individual capacity. Trooper Zahn lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

12. Admitted that Lundgren is suing Ralph Bello in his individual capacity. Trooper Zahn lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

13. Admitted that Lundgren is suing William "Chip" Kain in his individual capacity. Trooper Zahn lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

# FACTS

14. Trooper Zahn lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

15. Trooper Zahn lacks knowledge or information sufficient to form a belief about the truth of these allegations in this paragraph.

16. Admitted that there was "dash cam footage" of "one of the responding officers approaching the intersection with Murfreesboro Road from Cox Road" on September 29, 2024. Further admitted that Lundgren has included what he purports to be a screenshot of this dash cam footage in this paragraph of the complaint. Denied that this dash camera footage shows "complete darkness…except for the vehicle headlights" upon approaching the intersection. Trooper Zahn lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

17. Admitted that Lundgren told Trooper Zahn that he was unfamiliar with the area near the crash site at night. The remainder of the allegations in this paragraph are denied.

18. Admitted that there was no guardrail at the intersection of Murfreesboro Road and Cox Road on the night of September 29, 2024. Trooper Zahn lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

19. Admitted.

20. Admitted that Lundgren came to a stop in a field as depicted in the photograph referred to in paragraph 18 of the Complaint. Trooper Zahn lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

3

21. Trooper Hamlett lacks knowledge or information sufficient to form a belief about the truth of these allegations.

22. Admitted that Lundgren's airbag deployed. Trooper Zahn lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

23. Admitted.

24. Admitted.

25. Admitted that emergency medical technicians evaluated Lundgren at the crash site and that Trooper Zahn observed a red mark or bruise on Lundgren's head. Trooper Zahn lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

26. Admitted that body camera footage recorded Trooper Zahn say to another responder, "Did they take the guardrail down? They get tired of people smashing into it?" Denied that Trooper Zahn made any other comments about a guardrail. Trooper Zahn lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

27. Trooper Zahn lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

28. Admitted that Lundgren told Trooper Zahn that he had not been drinking or taking drugs or medication before the crash. Admitted that Lundgren told Trooper Zahn that he was unfamiliar with the crash site area at night. Trooper Zahn lacks knowledge or information sufficient to form a belief about Lundgren's statements to Trooper Hamlett. The remainder of the allegations in this paragraph are denied.

4

29. Denied.

30. Denied.

31. Denied.

32. Trooper Zahn lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

33. Admitted that Lundgren repeatedly requested a breathalyzer test. Denied that Trooper Zahn told Lundgren that "breathalyzer tests were not administered in Tennessee." Trooper Zahn lacks knowledge or information sufficient to form a belief about the remainder of the allegations in this paragraph.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Admitted that Trooper Zahn and Trooper Hamlett were acting under color of law as law enforcement officers when they interacted with Lundgren on September 29, 2024. The remainder of the allegations in this paragraph are denied.

39. Denied.

40. Admitted that Lundgren "willingly complied" with field sobriety testing and that he repeatedly told Trooper Zahn that he had not consumed alcohol, intoxicants, or prescription medications prior to the crash. Trooper Zahn lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in this paragraph.

41. Denied that Trooper Hamlett conducted field sobriety testing of Lundgren. Admitted that Trooper Zahn conducted the field sobriety tests listed. Trooper Zahn lacks knowledge or information sufficient to form a belief about the remainder of the allegations in this paragraph.

42. Denied.

43. Denied.

44. Admitted that Trooper Zahn placed Lundgren under arrest and charged Lundgren with driving under the influence. The remaining allegations in this paragraph are denied.

45. Admitted that Trooper Zahn asked Lundgren to turn around for handcuffing and that Trooper Zahn handcuffed Lundgren. Denied that Lundgren asked Zahn "what is going on?" during handcuffing. Trooper Zahn lacks knowledge or information sufficient to form a belief about whether Lundgren was "completely confused" or had a "complete lack of understanding why he was being handcuffed."

46. Denied.

47. This paragraph consists of a legal conclusion to which no response is required. To the extent a response is required, denied.

48. This paragraph consists of a legal conclusion to which no response is required. To the extent a response is required, denied.

49. Trooper Zahn lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

50. Admitted that Lundgren agreed to undergo field sobriety testing. The remainder of the allegations contained in this paragraph are denied.

51. Admitted that Trooper Zahn arrested Lundgren for driving under the influence. The remainder of the allegations contained in this paragraph are denied.

52. Denied.

53. Admitted that: Trooper Zahn's body camera appears to record a non-THP law enforcement officer tell Trooper Zahn, "They said he's [Lundgren's] pretty energetic;" that after Lundgren failed field sobriety testing, Trooper Zahn had a conversation with another non-THP law enforcement officer about their mutual suspicions that Lundgren was taking narcotics or medication; that during this conversation, the non-THP law enforcement officer told Trooper Zahn that Lundgren may be taking "marijuana mixed with something" or "cocaine," and that Trooper Zahn replied that he thought Lundgren was "on something" that may be an "upper." The remainder of the allegations in this paragraph are denied.

54. Admitted that body camera footage records Trooper Zahn tell Trooper Hamlett that Trooper Zahn will "probably do field sobriety" testing on Lundgren. Denied that this conversation occurred before Trooper Zahn had seen or "spoken with [Lundgren] or any of the emergency personnel on the scene, including EMTs." The remainder of the allegations in this paragraph are denied.

55. Trooper Zahn lacks knowledge or information sufficient to form a belief about the truth of these allegations.

56. Denied.

57. Admitted that Lundgren was placed in the back of the patrol car while handcuffed. Trooper Zahn lacks knowledge or information sufficient to form a belief about whether Lundgren was "visibly upset."

7

58. Admitted as to Trooper Zahn. Trooper Zahn lacks knowledge or information sufficient to form a belief about the remaining allegations contained in this paragraph.

59. Trooper Zahn lacks knowledge or information sufficient to form a belief about the truth of these allegations in this paragraph.

60. Admitted.

61. Denied that at the time of his arrest, Trooper Zahn or Trooper Hamlett lacked probable cause to believe that Plaintiff had committed a crime or violated any other state statute or regulation. Admitted that months later, the TBI determined that Lundgren did not have any of the substances that they test for in his system at the time of his accident on September 29, 2024.

62. Denied that Trooper Zahn lacked probable cause to arrest Plaintiff. Admitted that he did not have a warrant to obtain Plaintiff's blood. The remaining allegations in this paragraph are denied.

63. Denied.

64. Trooper Zahn lacks knowledge or information sufficient to form a belief about the truth of these allegations.

65. Denied.

66. Defendant incorporates all of its responses in paragraphs 6 through 65 above without restating them verbatim in each of the following paragraphs.

### DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

The two unnumbered paragraphs consist of legal conclusions to which no response is required. To the extent a response is required by Trooper Zahn, all allegations in these paragraphs are denied.

## FIRST COUNT
### Unlawful Seizure

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied that Plaintiff was forced to submit to a blood alcohol test. The remainder of the allegations contained in this paragraph are admitted.

73. Admitted that Lundgren tested negative for "all substances tested" in the blood draw. The remainder of the allegations contained in this paragraph are denied.

74. Admitted that Lungren had not been advised of his Miranda rights and asked Zahn at the hospital if he needed to sign a form pertaining to those rights. Trooper Zahn lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph.

75. Admitted that Lundgren was arrested and charged with DUI. The remainder of the allegations contained in this paragraph are denied.

76. Trooper Zahn lacks knowledge or information sufficient to form a belief as to whether Lundgren incurred lost wages, legal fees, or towing expenses as a result of his arrest.

77. Denied.

78. Denied.

## SECOND COUNT
### False Arrest and Illegal Search

79. Denied.

80. Denied.

9

81. Denied.

82. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required by Trooper Zahn, denied.

83. Denied.

84. Denied.

85. Denied that Trooper Zahn told Lundgren that "Tennessee [does not] do breathalyzer tests" and denied that a breathalyzer test was available for Lundgren. Admitted that Tenn. Code Ann. § 55-10-406 allows for breathalyzer tests in certain situations.

86. Admitted.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Admitted that Lundgren voluntarily agreed to take an alcohol blood test. The remainder of the allegations in this paragraph are denied.

94. Denied.

95. Denied.

96. The allegations in this paragraph are purely legal conclusions and are denied on these grounds.

97. The allegations in this paragraph are purely legal conclusions and are denied on these grounds.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

**THIRD COUNT**
**State Law Claims of False Imprisonment**

102. Denied.

103. Denied.

104. Denied.

**FOURTH COUNT**
**Monell Claim**

105. Denied

106. Denied.

107. Denied.

108. Trooper Zahn lacks knowledge or information sufficient to form a belief about the truth of these allegations.

109. Denied.

110. Denied.

111. Denied.

112. Trooper Zahn lacks knowledge or information sufficient to form a belief about the truth of these allegations contained in this paragraph.

113. Trooper Zahn lacks knowledge or information sufficient to form a belief about the truth of these allegations contained in this paragraph.

114. Denied.

115. Denied.

11

116. Denied.

117. Trooper Zahn lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

118. Trooper Zahn lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

119. Trooper Zahn lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

120. Trooper Zahn lacks knowledge or information sufficient to form a belief about the truth of these allegations.

121. Denied.

122. Denied.

123. Denied.

124. Denied.

125. Denied.

126. Denied.

127. Denied.

128. Denied.

129. Trooper Zahn lacks knowledge or information sufficient to form a belief about the truth of these allegations. To the extent a response is required, denied.

## FIFTH COUNT
### Tennessee State Law Claims for Assault, Battery and Negligence

130. Admitted that Lundgren is asserting violations of Tennessee state law. Denied that Trooper Zahn has committed these violations.

131. Denied.

132. Denied.

133. Denied.

## SIXTH COUNT
## REQUEST FOR INJUNCTIVE RELIEF

134. Admitted Lundgren avers he is entitled to this relief. Denied he is entitled to such relief.

135. Denied that Lundgren "is required" to operate a "motor vehicle" on state highways. Admitted that Trooper Zahn patrols certain Tennessee roads in his capacity as a THP officer, including, at times, Cox Road, Murfreesboro Road, and the location where Lundgren was arrested.

136. Trooper Zahn lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

137. This paragraph contains allegations that are not directed to Trooper Zahn and it, therefore, does not require a response from Trooper Zahn. To the extent that a response is required, denied.

138. Admitted that certain law enforcement officers in Tennessee may administer breathalyzer tests when appropriate and that Tennessee permits the use of interlock devices in some circumstances, including for individuals who have been convicted of driving under the influence (DUI) following a conviction. Denied that Trooper Zahn conveyed to Lundgren that Tennessee has outlawed law enforcement administration of breathalyzer tests.

139. Denied.

140. Denied.

141. Denied.

13

142. Denied.

143. Denied.

144. Denied.

145. This paragraph contains allegations that are not directed to Trooper Zahn and it, therefore, does not require a response from Trooper Zahn. To the extent that a response is required, denied.

146. This paragraph contains allegations that are not directed to Trooper Zahn and it, therefore, does not require a response from Trooper Zahn. To the extent that a response is required, denied.

147. This paragraph contains allegations that are not directed to Trooper Zahn and it, therefore, does not require a response from Trooper Zahn. To the extent that a response is required, denied.

148. This paragraph contains allegations that are not directed to Trooper Zahn and it, therefore, does not require a response from Trooper Zahn. To the extent that a response is required, denied.

149. This paragraph contains allegations that are not directed to Trooper Zahn and it, therefore, does not require a response from Trooper Zahn. To the extent that a response is required, denied.

## DAMAGES

150. Denied.

151. Denied.

152. Denied.

## PRAYER FOR RELIEF

Trooper Zahn admits that Lundgren is entitled to a trial by jury but denies all other requested relief, including the requested relief in subparts (1) through (6).

## AFFIRMATIVE DEFENSES

Having fully answered the complaint, Trooper Zahn asserts the following affirmative defenses:

1. No act or omission by Trooper Zahn deprived Lundgren of his constitutional rights or violated any state law;
2. Trooper Zahn is entitled to qualified immunity;
3. To the extent that Lundgren has damages, he has failed to mitigate them.

## REQUEST FOR RELIEF

1. This Court dismiss all claims against Trooper Zahn.
2. This Court award Trooper Zahn his attorneys' fees and costs pursuant to 42 U.S.C. §1988 and Tenn. Code Ann. § 29-20-113.
3. Pursuant to Fed. R. Civ. P. 38, Trooper Zahn demands a jury trial.

Respectfully submitted,

JONATHAN SKRMETTI
Attorney General and Reporter

/s / Hollie R. Parrish
HOLLIE R. PARRISH, BPR 037888
*Assistant Attorney General*
Law Enforcement and
Special Prosecutions Division
P.O. Box 20207
Nashville, Tennessee 37202-0207
Phone: (615) 741-8086
Fax: (615) 532-2541
Hollie.Parrish@ag.tn.gov
*Counsel for Defendant James Zahn*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and exact copy of the foregoing was filed and served via the Court's electronic filing system on this the 6th day of February 2026, upon:

H. FRANKLIN CHANCEY
P.O. Box 42
Cleveland, TN 37364
(423) 479-9186
franklin@cklplaw.com
*Counsel for Plaintiff*

/s/ *Hollie R. Parrish*
HOLLIE R. PARRISH

16

Case 3:25-cv-01093   Document 29   Filed 02/06/26   Page 16 of 16 PageID #: 134