UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| HUNTER K. LUNDGREN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:25-CV-01093 ) |
| JOSHUA HAMLETT, JAMES ZAHN, COLONEL MATT PERRY, CAPTAIN CHRISTY WALLACE, RALPH BELLO, WILLIAM "CHIP" KAIN, and STATE OF TENNESSEE, | ) ) ) ) ) ) ) ) |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

With few exceptions, sovereign immunity bars suits in federal court against a state by one of its own. States also cannot be held liable for damages under 42 U.S.C. § 1983. In this § 1983 case,[1] Plaintiff Hunter K. Lundgren sues several Tennessee state officials and the State of Tennessee ("State") for allegedly violating his constitutional rights during a detention and field sobriety test. The State moves to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) asserting sovereign immunity and exemption from § 1983 liability. (Doc. No. 22).[2] Because the Court finds (1) that the State's sovereign immunity protects it from this suit, and (2) the State cannot be held

---

[1] Lundgren also asserts pendent state law false imprisonment assault, battery, and negligence claims.

[2] Lundgren's response in opposition was due January 24, 2026. See M.D. Tenn. Loc. Civ. R. 7.01(a)(3). To date, Lundgren has not responded. Nor has Lundgren requested an extension. Accordingly, the Court treats the motion as unopposed. See id. ("If a timely response in opposition is not filed, the motion shall be deemed to be unopposed.").

liable under § 1983, all claims against it must be dismissed with prejudice. Thus, the motion (Doc. No. 22) will be granted.

I.       FACTUAL ALLEGATIONS AND BACKGROUND[3]

In September 2024, Lundgren drove his car off-road. (Doc. No. 1 ¶¶ 20-33). Tennessee Highway Patrol Troopers—Defendants James Zahn and Joshua Hamlett—detained Lundgren, gave him a field sobriety test, arrested him (after he passed the test), and coerced him into consenting to a blood test. (Id. ¶¶ 34-66).

II.      LEGAL STANDARD

    A.     Fed. R. Civ. P. 12(b)(1)

"When a motion [to dismiss] is based on more than one ground, the court should consider the Rule 12(b)(1) challenge first since, if it must dismiss the complaint for lack of subject matter jurisdiction, the other defenses and objections become moot and need not be determined." J.A. by & through S.A. v. Williamson Cnty. Bd. of Educ., 731 F. Supp. 3d 938, 945 (M.D. Tenn. 2024). When a defendant challenges subject matter jurisdiction, "the plaintiff has the burden of proving jurisdiction in order to survive the motion." Rogers v. Stratton Indus., Inc., 798 F.2d 913, 915 (6th Cir. 1986). A claim that is barred by a state's sovereign immunity must be dismissed for lack of subject matter jurisdiction. Ladd v. Marchbanks, 971 F.3d 574, 577 (6th Cir. 2020).

    B.     Fed. R. Civ. P. 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Venema v. West, 133 F.4th 625, 632 (6th Cir. 2025) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A claim has

---

[3] Unless noted otherwise, the Court draws the facts in this section from the Complaint (Doc. No. 1) and assumes the truth of those allegations to rule on the motion. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Iqbal, 556 U.S. at 678). When determining whether the complaint meets this standard, the Court must accept the factual allegations as true, draw all reasonable inferences in the plaintiff's favor, and "take all of those facts and inferences and determine whether they plausibly give rise to an entitlement to relief." Doe v. Baum, 903 F.3d 575, 581 (6th Cir. 2018).

## III. ANALYSIS

Lundgren asserts five counts against the State: (1) unlawful seizure (§ 1983), (2) false arrest and illegal search (§ 1983), (3) false imprisonment (state law), (4) Monell liability (§ 1983), and (5) assault, battery, and negligence (state law). (Doc. No. 1 ¶¶ 67-149). As to the State, the Court lacks subject matter jurisdiction over all claims because it is entitled to sovereign immunity. Separately, Lundgren also fails to state any viable federal claims against the State because it is not subject to § 1983 liability. Accordingly, all claims must be dismissed.

First, regardless of whether Lundgren's claims have merit, all must be dismissed under Rule 12(b)(1) and Rule 12(h)(3) because sovereign immunity absolutely immunizes the State. The text of the Eleventh Amendment only restricts "[t]he judicial power of the United States" in suits "in law or equity, commenced or prosecuted against one of the United States by Citizens of another State." U.S. Const. Amend. XI. But the Supreme Court has repeatedly held that the doctrine of sovereign immunity bars suits brought in federal court against a state by one of its own citizens. Edelman v. Jordan, 415 U.S. 651, 662-63 (1974); Hans v. Louisiana, 134 U.S. 1, 10 (1890); see also Franchise Tax Bd. of Cal. v. Hyatt, 587 U.S. 230, 243 (2019) ("Sovereign immunity of the States . . . neither derives from, nor is limited by, the terms of the Eleventh Amendment." (internal quotation omitted) (quoting Alden v. Maine, 527 U.S. 706, 713 (1999))). When a state is entitled to sovereign immunity, it is absolutely immune from suit in federal court unless one of three

3
Case 3:25-cv-01093   Document 30   Filed 02/06/26   Page 3 of 5 PageID #: 137

exceptions applies: (1) the state waives sovereign immunity by consenting to suit, (2) Congress abrogates the state's sovereign immunity through a valid exercise of its powers, or (3) under Ex Parte Young, sovereign immunity does not bar a suit seeking injunctive relief against a state official. S & M Brands, Inc. v. Cooper, 527 F.3d 500, 507 (6th Cir. 2008). Here, Lundgren (a Tennessee citizen) sues the State. But the State is entitled to sovereign immunity: it did not waive it (see Tenn. Code Ann. § 20-13-102(a)), Congress did not abrogate it (see Will v. Mich. Dep't. of State Police, 491 U.S. 58, 68 (1989)), and it is not subject to Ex Parte Young. Thus, the Court lacks subject matter jurisdiction over all claims against the State.

Second, even addressing the merits of Lundgren's claims against the State, his § 1983 and Monell claims must be dismissed under Rule 12(b)(6) because the State is not a "person" subject to liability under § 1983. See id. (finding that "the intent of Congress to provide a remedy for unconstitutional state action does not without more include the sovereign States among those persons against whom § 1983 actions would lie"); id. at 70 (addressing Monell's holding that municipalities are "persons" under Section 1983 and finding that "it does not follow that if municipalities are persons then so are States" because "States are protected by [sovereign immunity] while municipalities are not . . . ." (citing Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 690 (1978))). And with all federal claims subject to dismissal under Rule 12(b)(6), the Court declines to exercise supplemental jurisdiction over the remainder of Lundgren's state-law claims. See Royal Canin U. S. A., Inc. v. Wullschleger, 604 U.S. 22, 31-32 (2025) (explaining that a district court "may (and indeed, ordinarily should) kick the case to state court" where the district court "has dismissed all claims over which it has original jurisdiction" (quoting 28 U.S.C. § 1367(c))).

In sum, sovereign immunity bars all of Lundgren's claims against the State. And even setting that aside, his federal claims fail because the State is not a "person" under § 1983, and the Court declines to exercise supplemental jurisdiction over his state-law claims. Because these defects are legal, and the Court cannot identify any additional facts that Lundgren could allege to overcome them, the Court finds that dismissal with prejudice is warranted. <u>Cline v. Rogers</u>, 87 F.3d 176, 179 (6th Cir. 1996) (finding that dismissal with prejudice is warranted where the plaintiff can "prove no set of facts that would entitle him to relief").

## IV. CONCLUSION

For the reasons set forth above, the State's Motion to Dismiss (Doc. No. 22) is **GRANTED**. All claims against the State are **DISMISSED WITH PREJUDICE**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE