UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

**HUNTER K. LUNDGREN,**      NO. 3:25-CV-01093
    **Plaintiff,**      JURY DEMANDED

v.

**JOSHUA HAMLETT,
JAMES ZAHN,
COLONEL MATT PERRY,
CAPTAIN CHRISTY WALLACE,
RALPH BELLOW,
WILLIAM "CHIP" KAIN, and
STATE OF TENNESSEE,**
    **Defendants.**

---

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S
### MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

---

Pursuant to Federal Rule of Civil Procedure 15(a) and Local Rule 15.1, Plaintiff hereby respectfully submits this Memorandum in support of his Motion for Leave to File Amended Complaint.

### PROCEDURAL POSTURE

Plaintiffs filed suit on September 25, 2025. [Doc. 1] for violations of his civil rights and damages against Defendants. Defendant Hamlett filed an Answer to the initial complaint on February 6, 2026. [Doc. 28] Defendant Zahn filed an Answer to the initial complaint on February 6, 2026. [Doc. 29]. On January 13, 2026, Defendant State of Tennessee filed a motion to dismiss. [Doc. 22]. The Order entered an Order dismissing Defendant State of Tennessee as a party on February 6, 2026. [Doc. 30]. The remaining Defendants sought dismissal on February 6, 2026. [Doc. 27]. The parties began discovery in February 2026.

## SUMMARY OF ARGUMENT

Federal Rule of Civil Procedure 15(a) contemplates that a court will freely grant leave to file an amended complaint when the interests of justice so require. Additionally the Sixth Circuit has a liberal policy of allowing amendments to a complaint. Granting this motion allows Plaintiff to correctly identify party defendants by name and describe in further detail the facts giving rise to Plaintiff's violations of his civil rights and damages flowing from those violations.

In his original complaint, Plaintiff describes how Troopers Hamlett and Zahn arrested him for DUI following his single-vehicle accident even though local law enforcement and EMS responding to the scene reported no signs of Plaintiff's intoxication. Plaintiff identified officers with the Tennessee Highway Patrol in the initial complaint who, upon information and belief, are responsible for policy and training. The Amended Complaint further clarifies the roles that these Defendants are believed to have facilitated the violation of Plaintiff's civil rights. If discovery shows these Defendants do not have the policy-making roles resulting in the violation of Plaintiff's civil rights, Plaintiff seeks to add John and Jane Doe as placeholders during discovery.

Defendants will not suffer undue prejudice from the filing of Plaintiff's Amended Complaint because: (1) the allegations in the initial complaint are further defined by identifying the Defendants' respective role with the violation of Plaintiff's civil rights and (2) discovery to date has only been through documents and interrogatories.

## STATEMENT OF FACTS

There are no changes to the factual allegations in the initial complaint. Instead, the changes sought in the Amended Complaint are to identify all of the party defendants by name and further delineate the allegations.

## ARGUMENT

I. **The Efficient Administration of Justice Requires That Plaintiff Be Given Leave to File An Amended Complaint**

Federal Rule of Civil Procedure 15(a) requires that leave to file an amended complaint be "freely given when justice so requires." The standard is readily met here, as the identification of the party defendants by name provides a more detailed description to the Court.

II. **Defendants Will Not Suffer Substantial Prejudice and There Is No Other Reason Plaintiffs Should Not Be Given Leave To Amend**

The U.S. Supreme Court determined that "[i]n the absence of . . .undue delay, bad faith or dilatory motive . . . undue prejudice . . .futility of amendment, etc.. -- the leave sought should . . . be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962). The Sixth Circuit applies a balancing test of these factors, which turns on substantial prejudice to the opposing party. See e.g., Lawson v. Truck Drivers, Chauffeurs & Helpers, Local Union 100, 698 F. 2d. 250, 256 (6th Cir. 1983); Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330-331(1971) ("[I]n deciding whether to permit such an amendment, the trial court was required to take into account any prejudice [the opposing party] would have suffered as a result.")

There is no undue delay as Plaintiff seeks to amend his complaint to further identify the respective roles of the Defendants in the violation of his civil rights. Defendant Perry recently testified on January 21, 2026 before the Tennessee Senate Transportation and Safety Committee regarding "sober" DUI arrests. Plaintiff seeks to amend his complaint following this testimony where Defendant Perry admitted that the Tennessee Highway Patrol needed additional training and a system to properly review every DUI case. WSMV Sobering Problem Investigation available online at THP colonel defends DUI arrests amid wrongful arrest allegations (last accessed on February 16, 2026).

Defendants will not suffer prejudice. No depositions have taken place and the discovery

to date consisted of only interrogatories. Similarly, none of the other Foman factors are present. The Sixth Circuit has allowed amendment even after the expiration of discovery and after the time for amended pleadings in a scheduling order. See e.g., United States v. Wood, 877 F.2d 453, 456 (6th Cir. 1989). The Amended Complaint does not add any new causes of action, but rather more clearly identifies the party-defendants. Amended the complaint allows Plaintiffs to clarify which Defendants are being sued in their official and individual capacities.

## CONCLUSION

For the above reasons, Plaintiffs' Motion for Leave to File Amended Complaint should be granted.

            Respectfully submitted,
            **HUNTER K. LUNDGREN,**
            Plaintiff by his attorney,

CHANCEY ~ KANAVOS

By: /s/ H. Franklin Chancey
    H. FRANKLIN CHANCEY (BPR#013187)
    Attorney for Plaintiff
    P.O. Box 42
    Cleveland, TN 37364-0042
    (423) 479-9186
    franklin@cklplaw.com

# CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of February, 2026, I electronically filed this document with the Clerk of the Court using CM/ECF system which will automatically send e-mail notification of such filing to the following attorney of record:

>Hollie R. Parrish, Esq.
>Megan O. Murphy, Esq.
>Assistant Attorney General
>Office of the Attorney General
>P.O. Box 20207
>Nashville, TN 37202-0207
>hollie.parrish@ag.tn.gov
>meghan.murphy@ag.tn.gov

>CHANCEY ~ KANAVOS

>By: /s/ H. Franklin Chancey
>H. FRANKLIN CHANCEY