**HUNTER K. LUNDGREN,**  NO. 3:25-CV-01093
    **Plaintiff,**  JURY DEMANDED

v.

**JOSHUA HAMLETT,**
**JAMES ZAHN,**
**COLONEL MATT PERRY,**
**CAPTAIN CHRISTY WALLACE,**
**RALPH BELLO, and**
**WILLIAM "CHIP" KAIN,**
    **Defendants.**

## MEMORANDUM IN OPPOSITION TO DEFENDANTS COLONEL MATT PERRY, CAPTAIN CHRISTY WALLACE, DIRECTOR RALPH BELLO and COMMISSIER WILLIAM "CHIP" CAIN'S MOTION TO DISMISS

    Plaintiff Hunter K. Lundgren, through counsel, hereby opposes the Motion To Dismiss filed by Defendants Colonel Matt Perry, Captain Christy Wallace, Director Ralph Bello, and Commissioner William "Chip" Cain ("Defendants") [Doc. 27] under Federal Rule of Civil Procedure 12(b)(6). As set forth below, this motion must be denied.

### INTRODUCTION

    Plaintiff's Complaint sets forth a detailed factual account of how Tennessee Highway Patrol Officers arrested a sober citizen for DUI simply for being involved in a one-car accident "because of how it looks" in accordance with policy and/or training provided by the Defendants. [Doc. 1]. This fact and other facts set forth in the Complaint are the basis for Plaintiff's constitutional claims that are properly brought against Defendants who request dismissal of Plaintiff's Complaint.

1

Clear bases for liability are set forth in the Complaint. Defendants are correct in that the State of Tennessee cannot be named as a party in a §1983 action but the Ex parte Young doctrine provides this Court with jurisdiction over the individual Defendants and Defendants' motion to dismiss [Doc. 27] should be denied.

## STATEMENT OF THE FACTS

On September 29, 2024, Plaintiff was driving in a northernly direction on Cox Road approaching Murfreesboro Road in Williamson County at around 8:30 p.m. in dark, rainy conditions. Cox Road dead ends into Murfreesboro Road with no guardrail or markings indicating the abrupt end to the roadway. In the absence of these road signs, Plaintiff travelled straight through a green light, through a ditch then coming to a full-stop in a field.

Plaintiff's vehicle suffered significant damage to its front-end in this single-car accident. Emergency vehicles and law enforcement were dispatched to the scene. Plaintiff suffered personal injuries requiring medical treatment at the scene. EMS professionals did not observe any symptoms indicating Plaintiff to be impaired by drugs or alcohol. The county deputy at the scene reported that he did not see or smell anything suggesting that Plaintiff was impaired by drugs or alcohol. The nature of the crash, a straight line, did not suggest driving while impaired. Obviously, the Plaintiff, who was injured and emotionally upset at the crash, was agitated. Defendants Hamlett and Zahn, Tennessee State Troopers, detained Plaintiff for suspicion of driving under the influence despite no indica of intoxicants at the scene or smell of intoxicants on Plaintiff's person.

Defendants Hamlett and Zahn exercised their authority as Tennessee State Troopers to detain Plaintiff at the scene under suspicion of driving under the influence. Defendants Hamlett and Zahn subjected Plaintiff to several field sobriety tests: the Horizontal Gaze Nystagmus (HGN); the Walk-and-Turn (WAT); and the One-Leg Stand (OLS) test. Plaintiff successfully performed

these tests despite his injuries which required professional medical treatment. Still, these officers chose to arrest Plaintiff on charges of DUI. As the Complaint alleges, it is believed that the Tennessee Highway Patrol incentivizes DUI arrests in part because various funding sources are predicated on DUI arrests.

## STANDARD OF REVIEW

Defendants request dismissal of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and (b)(6). [Doc. 27] When considering a Rule 12(b)(6) motion, a court "must accept all well-pleaded factual allegations as true and construe the complaint in the light most favorable to plaintiffs." Bennett v. MIS Corp., 607 F.3d 1076, 1091 (6th Cir. 2010). Defendants bear the burden of proving the Complaint fails to state a claim as a matter of law. Id.

Defendants' motion cites Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) to imply Plaintiff's complaint fails to satisfy pleading requirements established by these cases.[Doc. 27]. Plaintiff's claims are properly pled and the detailed factual allegations in the Complaint [Doc. 1] meet the Iqbal/Twombly standard. That standard requires only that a complaint state a claim that is plausible on its face, and it does not require a plaintiff to fully prove the case in his or her complaint. In Twombly itself where it was alleged that an agreement violated anti-trust laws, the United States Supreme Court held:

> … [S]tating such a claim requires a complaint with enough factual matter (taken as true) to suggest that an agreement was made. Asking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement. And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.

Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007).

3

There is no expectation that Plaintiff will provide an exhaustive exposition to answer every conceivable question in a single pleading. To determine "whether a complaint states a plausible claim for relief is, . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense…" Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Plaintiff's claims should not be dismissed pursuant to Federal Rule Civil Procedure 12(b)(6) because there are more than sufficient factual details set forth in the Complaint.

Likewise, this Court has subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Plaintiff properly pled prospective injunctive relief in the Complaint under the Ex parte Young doctrine to cease the culture prevalent throughout the Tennessee Highway Patrol, the State's police, which incentivizes DUI-arrests. Plaintiff's Amended Complaint further clarifies the violations of Plaintiff's civil rights by the named Defendants.

## ARGUMENT

I. **Plaintiff's Complaint Properly Pleads Claims And Defendants' Motion to Dismiss Should Be Denied**.

At the outset, Defendants' pending motion to dismiss [Doc. 27] is deficient because the motion fails to examine all the allegations incorporated within each count Plaintiff's Complaint. [Doc. 1, Count 4]. Plaintiff has plausibly alleged that Defendants' deliberately indifferent failure to train Tennessee Highway Patrol officers on DUI arrests caused the constitutional violations by Defendants Hamlett and Zahn, who gratuitously and for no legitimate reason, detained Plaintiff for suspicion of DUI without sufficient probable cause, then subjected Plaintiff to field-sobriety tests without sufficient probable cause, finally arresting Plaintiff for DUI without justification. Defendants argue that any suit against them would run afoul of the Eleventh Amendment's grant of sovereign immunity.

4

While the Eleventh Amendment generally prohibits lawsuits against states in federal court, under Ex parte Young, 209 U.S. 123, 155–56 (1908), a plaintiff can sue state officers to enjoin an unconstitutional state policy. When challenging a state policy, the officer sued must "have some connection" with the policy's enforcement or execution. Id. at 157. Even when a function is administered on a day-to-day level by local officials, a state officer's supervisory authority can still make her a proper defendant under Ex parte Young. E.g., Russell v. Lundergan-Grimes, 784 F.3d 1037, 1048–49 (6th Cir. 2015). So long as the named defendants are "actively involved" with the challenged conduct, they can be sued for injunctive relief without implicating the Eleventh Amendment. Id.; accord Doe v. DeWine, 910 F.3d 842, 848– 49 (6th Cir. 2018).

Defendants clearly understood that Tennessee Highway Patrol officers needed to know the constitutional limits for DUI arrests. The magnitude of the violations suffered by Plaintiff here, combined with the prior incidents of statewide sober DUI arrests being reported by WSMV's Sobering Problem investigation, available online at [WSMV4 Investigates wins award for Sobering Problem investigative series](#) (last accessed February 19, 2026) provide a solid basis to infer Defendants' informal policy to insufficiently train Tennessee Highway Patrol officers or facilitate a culture of encouraging DUI arrests—which is all that is required at the pleading stage. Fed. R. Civ. P. 8(a)(2).

Defendants' assert that Plaintiff "alleges no facts showing that any of these supervisory officials participated in, directed, or were otherwise responsible for the challenged conduct." [Doc. 27, PAGE ID #95] Information which has been provided to the local news reports that more than 2,500 drivers who were neither intoxicated nor driving under the influence of other intoxicants have been arrested on charges of DUI in Tennessee since 2020. [Number of arrests of sober drivers for DUI in TN nearly doubles since 2020](#) (last accessed February 19, 2026). These facts suggest a

5

pervasive problem that those responsible for training Tennessee Highway Patrol officers failed to fix rather than a spontaneous reemergence of a problem that had subsided or that had been addressed. At least 419 sober drivers were arrested on charges of DUI in 2024. See Tennessee Bureau of Investigation Crime Statistics available online at Crime Statistics (last accessed January 26, 2026).

Defendants do not state that Defendant Hamlett and Defendant Zahn were acting rouge, contrary to their training in the violations of Plaintiff's constitutional rights. While Plaintiff does not know which official is responsible for promulgating the DUI-arrest culture within the Tennessee Highway Patrol, Defendant Perry testified before the Tennessee Transportation and Safety Committee on January 21, 2026 that training was needed to prevent sober-DUI arrests. Discovery will provide Plaintiff with the opportunity to explore officials responsible for DUI arrests policies and customs. Plaintiff's requested relief is prospective, injunctive relief to protect future drivers from the ongoing unofficial and/or official policy or custom within the Tennessee Highway Patrol regarding DUI arrests. Such injunctive relief "fits squarely within the prospective-compliance exception" to the Eleventh Amendment, even if funds from the state treasury are needed to carry it out. Milliken v. Bradley, 433 U.S. 267, 289 (1977); see also id. at 288–90 (affirming an order requiring Michigan state officers to fund remedial education measures). The Defendant state officials are proper defendants in this case under Ex parte Young.

### II. Injunctive Relief Is Available and Sovereign Immunity Is No Bar.

While Defendants contend that Plaintiff's theory of liability against it is unclear, [Doc. 27] Plaintiff's Complaint alleges the continuing pattern of sober DUI-arrests which can only be remedied by an injunction for prospective relief. [Doc.1] The wide-spread policy or practice that incentives or causes poorly-trained Tennessee State Troopers to arrest sober drivers for DUI must

end. Plaintiff, a Tennessee resident, runs the real risk of his nightmare reoccurring without reform. In 2024 alone, 419 sober drivers were arrested, incarceration, and sustained tarnished reputations though this wide-spread policy or practice. Upon information and belief, this culture or practice is fostered by incentives given to Tennessee Highway Patrol officers making DUI arrests or putting Tennessee Highway Patrol officers on the roadways without any objective means to detect DUI. The Tennessee Highway Patrol, through Defendant Perry, now acknowledge a review of DUI arrests where the blood work later came back and showed no alcohol or drugs.

Defendants correctly argue that the Eleventh Amendment shields state officers from claims in official capacities, but Defendants are incorrect in stating it is a legal impossibility for a state not to be sued. There are three (3) exceptions to a state's sovereign immunity, which are: "(a) when the State has consented to suit; (b) when Ex parte Young, 209 U.S. 123 (1908) exception applies; and (c) when Congress has properly abrogated a State's immunity." S & M Brands, Inc. v. Cooper, 527 F.3d 500, 507 (6th Cir. 2008) (citing Kovacevich v. Kent State Univ., 224 F.3d 806, 817 (6th Cir. 2000)). Defendants' pending motion to dismiss [Doc. 27] references the very doctrine that provides this Court with subject matter jurisdiction, the Ex parte Young doctrine.

Plaintiff seeks prospective relief provided by the Ex parte Young doctrine to prevent the ongoing culture within the Tennessee Highway Patrol to cause other sober drivers to be arrested for DUI. When "determining whether the doctrine of Ex parte Young avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." Verizon Md. Inc. v. Public Serv. Comm'n of Md., 535 U.S. 635, 645 (2002) (internal quotation marks omitted.) Here, Plaintiff's Complaint alleges violations of drivers' Fourth and Fourteenth Amendment Rights at the hands of Tennessee State Troopers.

Multiple "sober" DUI lawsuits have been filed by other individuals alleging false arrest and imprisonment at the hands of arresting Tennessee State Troopers. The Tennessee Highway Patrol, a division of the Tennessee Department of Safety and Homeland Security, is believed to have arrested more than 419 sober drivers on charges of DUI in 2024 alone. It is believed that 2,517 sober drivers were arrested for DUI between 2017 and 2024. As previously mentioned, Defendant Perry acknowledged that training needed to be done during his testimony before the Tennessee Transportation and Safety Committee on January 21, 2026. Yet, in that same testimony Defendant Perry defended the sober DUI- arrests as being valid. Discovery will provide opportunities to explore the responsible policy-maker(s)' official directive as well as additional policies and customs concerning DUI arrests.

In <u>Frew v. Hawkins</u>, 540 U.S. 431, 436-37 (2004), the United States Supreme Court explained the following:

> The Eleventh Amendment confirms the sovereign status of the States by shielding them from suits by individuals absent their consent. To ensure the enforcement of federal law, however, the Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law. This standard allows courts to order prospective relief, as well as measures ancillary to appropriate prospective relief. Federal courts may not award retrospective relief, for instance, money damages or its equivalent, if the State invokes its immunity.

540 U.S. at 437 (internal citations omitted).

Defendants narrow Plaintiff's claims. Plaintiff plausibly alleges the <u>Ex parte Young</u> doctrine in his Complaint. [Doc. 1]. Plaintiff avers that prospective injunctive relief is necessary to prevent future violations of Plaintiff and other sober drivers' Fourth and Fourteenth constitutional rights. <u>Ex parte Young</u>, 209 U.S. 123 (1908). The Tennessee Highway Patrol has publicly acknowledged that more than 2,500 sober drivers were arrested for DUI over the past eight (8) years. Upon information and belief, Tennessee State Troopers subtlety subject drivers to

unlawful detentions, invasive questioning, and coercive requests to submit to DUI field sobriety tests. Tennessee State Troopers wrongfully detained drivers after those drivers should be free to go after finishing the business of the initial traffic stop. These detained drivers soon found themselves subjected to poorly administered field sobriety tests, blood draws, incarceration, and legal fees when they were *completely* sober. Ex parte Young was intended to prevent ongoing unconstitutional conduct by state actors. Here, the conduct complained of by Plaintiff is that Defendants, individually or collectively, either improperly trained troopers or failed to oversee DUI arrests or simply ignored incorrect action resulting in a violation of Plaintiff's constitutional rights. Plaintiff, like several other similarly situated motorists, asked for an objective test, a breathalyzer, and was denied.

This historical pattern of events and conduct of sober-DUI arrests effectively placed the State on notice of a need for new or improved training for Tennessee State Troopers. Miller v. Sanilac County, 606 F.3d 240, 255 (6th Cir. 2010); Fischer v. Harden, 398 F.3d 837, 849 (6th Cir. 2005). Yet, the State did nothing to protect drivers' constitutional rights until legislative reform. (SB 1166) Thousands of drivers traveling on Tennessee roadways including Plaintiff suffered a clear deprivation of their Fourth and Fourteenth Amendment rights with a culture that depended on the judicial system to right any wrongs such as Plaintiff's nolle prosequi here.

A damages claim against only the individual officers will not achieve the systemic reform needed to prevent the continued violation of drivers' constitutional rights like Plaintiff's in the State of Tennessee. See Vasquez v. Lewis, 834 F.3d 1132, 1138 (10th Cir. 2016). The constitutional protections embedded in the Fourth, Fifth, Sixth, and Fourteenth Amendments are fundamental. The United States Supreme Court has held that federal courts may order "state officials to conform their conduct to requirements of federal law, notwithstanding a direct and

9

substantial impact on the state treasury." Milliken v. Bradley, 433 U.S. 267, 289 (1977); Missouri v. Jenkins, 495 U.S. 33, 56 n.20 (1990) (costs of securing compliance with federal desegregation order are not barred under Eleventh Amendment and are attendant to injunctive relief). By narrowly construing Plaintiff's allegations, Defendant State of Tennessee continues to miss the point that Tennessee State Troopers wrongfully arresting sober drivers for DUI must end. Plaintiff respectfully requests that the Court reject Defendants' argument and find that Plaintiff met the required pleading standard.

## CONCLUSION

Plaintiff's Complaint [Doc. 1] sets forth ample facts and details in support of his claims against Defendant State of Tennessee and dismissal of the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) would be improper. Defendants' motion [Doc. 27] should be denied.

**Respectfully submitted,
HUNTER K. LUNDGREEN,
Plaintiff,**

**CHANCEY- KANAVOS**

BY: _____
      **H. FRANKLIN CHANCEY (BPR#013187)**
      Attorney for Plaintiff
      P.O. Box 42
      Cleveland, TN 37364-0042
      (423) 479-9186
      franklin@cklplaw.com

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing pleading has been filed and served upon counsel of record via the Court's electronic filing system on this the 19th day of February, 2026:

      Hollie R. Parrish, Esq.
      Megan O. Murphy, Esq
      Assistant Attorney General
      Office of the Attorney General
      P.O. Box 20207
      Nashville, TN 37202-0207
      hollie.parrish@ag.tn.gov
      meghan.murphy@ag.tn.gov

                                                                 /s/ H. Franklin Chancey
                                                                   H. FRANKLIN CHANCEY