IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **HUNTER K. LUNDGREN,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:25-CV-01093 |
| | ) | Judge Waverly D. Crenshaw, Jr. |
| | ) | |
| **JOSHUA HAMLETT, in his official** | ) | |
| **and individual capacity,** | ) | |
| **JAMES ZAHN, in his official and** | ) | |
| **individual capacity,** | ) | |
| **COLONEL MATT PERRY, in his** | ) | |
| **official and individual capacity,** | ) | |
| **CAPTAIN CHRISTY WALLACE,** | ) | |
| **in her official and individual capacity** | ) | |
| **RALPH BELLO, in his official** | ) | |
| **and individual capacity** | ) | |
| **WILLIAM "CHIP" KAIN, in his** | ) | |
| **official and individual capacity** | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER ON BEHALF OF DEFENDANT COLONEL MATT PERRY AND CAPTAIN CHRISTY WALLACE TO THE AMENDED COMPLAINT

Defendant Colonel Matt Perry and Captain Christy Wallace ("these Defendants") answer Plaintiff Hunger Lundgren's amended complaint as follows without waiving any defenses that may apply to other defendants.

1

## JURISDICTION AND VENUE

1. Admitted that if Lundgren asserts viable claims under 28 U.S.C. Section § 1331 and 28 U.S.C. Section § 1343(a)(3), this Court has jurisdiction. Otherwise, the allegations in this paragraph are denied.

2. Admitted that if Lundgren asserts viable claims under the U.S. Constitution and 42 U.S.C. Section § 1983 against these Defendants, this Court would have supplemental jurisdiction over any state law claims that arise out of the same case or controversy. Otherwise, the allegations in this paragraph are denied.

3. Admitted that Lundgren seeks the remedies outlined in this paragraph. Denied that he is entitled to them.

4. Admitted.

5. Admitted that Lundgren is bringing this lawsuit to redress the alleged violations included in this paragraph. Denied that these Defendants violated Lundgren's rights.

6. Admitted that Lundgren is seeking the asserted relief against Colonel Perry. Denied that Lundgren is entitled to such relief.

7. Admitted that Lundgren is seeking injunctive relief to reform certain alleged customs, policies or practices of the Tennessee Highway Patrol (THP). The remaining allegations in this paragraph are denied.

## PARTIES

8. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

9. Admitted that THP employed Trooper Hamlett on September 29, 2024, the "day of the events giving rise to this action." Admitted that Lundgren is suing Trooper

2

Hamlett in his individual and official capacity. The remainder of the allegations in this paragraph are denied.

10. Admitted that THP employed Trooper Zahn on September 29, 2024, the "day of the events giving rise to this action." Admitted that Lundgren is suing Trooper Zahn in his individual and official capacity. The remainder of the allegations in this paragraph are denied.

11. Admitted that Colonel Perry was an officer with the THP on September 29, 2024, the "time of the incident complained of herein." Admitted that Colonel Perry is involved in the implementation of certain policies for THP, can authorize certain policies for THP, and oversees some aspects of trooper operations. Admitted that Colonel Perry is assisted by three Lieutenant Colonels. Admitted that Lundgren is suing Colonel Perry in his official and individual capacity. The remaining allegations in this paragraph are denied.

12. Admitted that Captain Christy Wallace was an officer with the THP on September 29, 2024. Admitted that Captain Wallace was the Director of Training at the Tennessee Department of Safety Training Center on that date. Admitted that Captain Wallace has the authority to propose certain policies that may be implemented at the Tennessee Department of Safety and Homeland Security ("Safety") Training Center. Admitted that Captain Wallace is responsible for certain aspects of "trooper oversight" and training for troopers who are undergoing training at the Safety Training Center. Admitted that Lundgren is suing Captain Wallace in her individual and official capacity. The remaining allegations in this paragraph are denied.

13. Admitted that Lundgren is suing Ralph Bello in his individual and official capacity. Admitted that Ralph Bello is currently the Director of the Tennessee Law Enforcement Training Academy (TLETA) and the Executive Secretary of the Tennessee Peace Officer Standards & Training Commission (POST). These Defendants lack knowledge or information sufficient to form a belief as to Director Bello's former or current responsibilities within TLETA and POST. These Defendants lacks knowledge or information sufficient to form a belief as to whether Director Bello provides training materials to THP. Denied that Director Bello is a trainer at THP. Denied that THP is a "political subdivision" of Tennessee. Admitted that THP exists "under the laws of the State of Tennessee." Denied that Tenn. Code Ann. §47-4-102 states that "each member of the THP is required to meet POST minimum standard requirements to graduate the Department of Safety Academy" or stands for this principle. Admitted that Lundgren is suing Director Bello in his official and individual capacity for misconduct under color of state law.

14. Admitted that William "Chip" Kain is currently the Deputy Commissioner over the Department of Commerce and Insurance's public safety portfolio, which includes TLETA and POST. Denied that Commissioner Kain is a policy maker for THP. Denied that Commissioner Kain is a trainer for THP. These Defendants lack knowledge or information sufficient to form a belief as to whether Commissioner Kain has provided training materials to THP. Denied that Tenn. Code Ann. §47-4-102 states that "each member of the THP is required to meet POST minimum standard requirements to graduate the Department of Safety Academy" or stands for this

principle. Admitted that Lundgren is suing Commissioner Kain in his official and individual capacity for misconduct occurring under color of state law.

15. Denied.

16. Denied.

17. Admitted as to these Defendants. Admitted upon information and belief as to the other defendants.

18. Admitted that Colonel Perry testified before the Tennessee House Transportation Committee after Lundgren filed the original complaint. Denied that Colonel Perry defended "sober DUI arrests" or admitted "more training was necessary."

## FACTS

19. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

20. These Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations in this paragraph.

21. The Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations in this paragraph.

22. These Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations in this paragraph.

23. These Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations in this paragraph.

24. These Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations in this paragraph.

25. These Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations in this paragraph.

26. These Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations in this paragraph.

27. These Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations in this paragraph.

28. These Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations in this paragraph.

29. These Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations in this paragraph.

30. These Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations in this paragraph.

31. These Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations in this paragraph.

32. These Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations in this paragraph.

33. These Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations in this paragraph.

34. These Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations in this paragraph.

35. These Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations in this paragraph.

36. These Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations in this paragraph.

37. These Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations in this paragraph.

38. These Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations in this paragraph.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

44. Denied.

45. These Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations in this paragraph.

46. These Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations in this paragraph.

47. Denied.

48. Denied.

49. Denied.

50. These Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations in this paragraph.

51. These Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations in this paragraph.

52. This paragraph consists of a legal conclusion to which no response is required. To the extent a response is required, denied.

53. This paragraph consists of a legal conclusion to which no response is required. To the extent a response is required, denied.

54. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

55. Denied.

56. Admitted that Lundgren was arrested for driving under the influence after undergoing field sobriety testing. The remainder of the allegations contained in this paragraph are denied.

57. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

58. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

59. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

60. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

61. Denied.

62. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

63. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

64. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

65. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

66. Denied.

67. Denied that at the time of Lundgren's arrest, Trooper Zahn or Trooper Hamlett lacked probable cause to believe that Plaintiff had committed a crime or violated any other state statute or regulation. These Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

68. Denied.

69. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

70. Denied.

71. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

72. Denied.

73. Denied.

74. Admitted that Director Bello and Commissioner Kain are not THP employees. These Defendants lack knowledge or information sufficient to form a belief as to whether Director Bello and Commissioner Kain "are responsible for the training which is provided to officers through TLETA and POST." Denied that these Defendants used

or relied upon TLETA and POST to "ensure THP officers are equipped to make DUI arrests using only discretionary methods."

## DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

The two unnumbered paragraphs consist of legal conclusions to which no response is required. To the extent a response is required by these Defendants, all allegations in these paragraphs are denied.

## FIRST COUNT
## Unlawful Seizure

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

81. Denied.

82. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

83. Admitted that Lundgren was arrested and charged with DUI. The remainder of the allegations contained in this paragraph are denied.

84. These Defendants lack knowledge or information sufficient to form a belief as to whether Lundgren incurred lost wages, legal fees, or towing expenses as a result of his arrest.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

## SECOND COUNT
## False Arrest and Illegal Search

90. Denied.

91. Denied.

92. Denied.

93. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required by these Defendants.

94. Denied.

95. Denied.

96. These Defendants lack knowledge or information sufficient to form a belief about the "statements made by Defendants to Plaintiff at the scene." They admit that Tennessee permits "the use of breathalyzer tests" and that Tenn. Code Ann. § 55-10-406 outlines when breathalyzer tests "may" be administered.

97. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

11

103. Denied.

104. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

105. Denied.

106. Denied.

107. The allegations in this paragraph are purely legal conclusions and are denied on these grounds.

108. Denied.

109. Denied.

110. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

111. Denied.

112. Denied.

113. Denied.

114. Denied.

## THIRD COUNT
### State Law Claims of False Imprisonment

115. Denied.

116. Denied.

117. Denied.

118. Denied.

119. Denied.

120. Denied.

121. Denied.

# FOURTH COUNT
## Culpability of the THP

122. Denied

123. Denied.

124. Denied that the "pattern" described in paragraph 123 exists. These Defendants lack knowledge or information sufficient to form a belief about "investigations" purportedly performed or published by WSMV4.

125. Admitted that THP is a state police force that enforces traffic laws.

126. Admitted that Colonel Perry is the Colonel of the THP, that he has the authority to command or oversee certain aspects of the THP, including certain aspects of training standards.

127. Admitted that Captain Wallace is the Director of the Safety Training Center and oversees certain aspects of probationary training that THP officers may undergo. These Defendants lack knowledge or information sufficient to form a belief about Director Bello and Commissioner Kain's responsibilities with TLETA and POST. All remaining allegations in this paragraph are denied.

128. Denied.

129. Denied.

130. Denied.

131. Denied.

132. Denied.

133. Denied.

134. Denied.

135. Denied.

13

136. Denied.

137. Denied.

138. Denied.

139. Denied.

140. Denied.

141. Admitted that THP officers must be certified by POST.  Admitted that THP has policies requiring additional training in some circumstances and that this additional training involves pairing a less experienced trooper or probationary hire alongside a more experienced trooper.

142. Denied.

143. Admitted that THP does conduct reviews of DUI arrests where the driver's toxicology report is negative for drugs and alcohol.  Lundgren's meaning in referring to "statistics" is too unclear for these Defendants to respond to the remaining allegations.  To the extent a response is required, the remaining allegations in this paragraph are denied.

144. The meaning of "third-party court monitoring programs" is too unclear for these Defendants to respond to this paragraph.  To the extent this paragraph requires a response, these Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations.

145. Denied.

146. Denied.

147. Denied.

148. Denied.

149. Denied.

150. Denied.

151. Admitted that Colonel Perry testified before the Tennessee Senate Transportation and Safety Committee on or around January 21, 2026 that THP was "working on a system" to increase transparency on DUI arrests. These Defendants deny the remaining allegations in this paragraph.

152. Denied.

153. Denied.

154. Denied.

155. Denied.

156. Denied.

157. Denied.

158. Denied.

159. Admitted that Lundgren is seeking injunctive relief. Denied that he is entitled to such relief.

160. Admitted that Lundgren is seeking declaratory relief. Denied that he is entitled to such relief.

161. Denied.

162. Denied that Lundgren "is required" to operate a "motor vehicle" on state highways. Admitted that THP patrols certain Tennessee roads including, at times, Cox Road, Murfreesboro Road, and the location where Lundgren was arrested.

163. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

164. Denied.

165. Denied.

166. Denied.

167. Denied.

168. Denied.

169. Denied.

170. Denied.

171. Denied.

172. Denied.

173. Denied.

174. Denied.

175. Denied.

176. Denied.

### FIFTH COUNT
### Tennessee State Law Claims for Assault, Battery and Negligence

177. Admitted that Lundgren is asserting violations of Tennessee state law. Denied that these Defendants committed these violations.

178. Denied.

179. Denied.

180. Denied.

### DAMAGES

181. Denied.

182. Denied.

183. Denied.

## PRAYER FOR RELIEF

These Defendants admit that Lundgren is entitled to trial by jury but denies all other requested relief, including the requested relief in subparts (1) through (6).

## AFFIRMATIVE DEFENSES

Having fully answered the complaint, these Defendants assert the following affirmative defenses:

1. No act or omission by these Defendants, meaning Colonel Perry and Captain Wallace, deprived Lundgren of his constitutional rights or violated any state law;

2. These Defendants are entitled to qualified immunity;

3. These Defendants are entitled to sovereign immunity to official capacity claims because these claims relate to retrospective events like Lundgren's detention and arrest;

4. Captain Wallace was not the Director of the Safety Training Center when either Trooper Zahn or Trooper Hamlett underwent training, thus Lundgren's supervisory liability claims fail against her;

5. To the extent that Lundgren has damages, he has failed to mitigate them.

## REQUEST FOR RELIEF

1. This Court dismiss all claims against Colonel Perry and Captain Wallace.

2. This Court award these Defendants their attorneys' fees and costs pursuant to 42 U.S.C. §1988 and Tenn. Code Ann. § 29-20-113.

3. Pursuant to Fed. R. Civ. P. 38, these Defendants demand a jury trial.

Respectfully submitted,

JONATHAN SKRMETTI
Attorney General and Reporter

<u>/s / Hollie R. Parrish</u>
HOLLIE R. PARRISH, BPR 037888
*Assistant Attorney General*
Law Enforcement and
Special Prosecutions Division
P.O. Box 20207
Nashville, Tennessee 37202-0207
Phone: (615) 741-8086
Fax: (615) 532-2541
Hollie.Parrish@ag.tn.gov
*Counsel for Defendants Colonel
Perry and Captain Wallace*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and exact copy of the foregoing was filed and served via the Court's electronic filing system on this the 9th day of March 2026, upon:

H. FRANKLIN CHANCEY
P.O. Box 42
Cleveland, TN 37364
(423) 479-9186
franklin@cklplaw.com
*Counsel for Plaintiff*

<u>/s/ *Hollie R. Parrish*</u>
HOLLIE R. PARRISH