**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **HUNTER K. LUNDGREN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:25-CV-01093** |
| | ) | **Judge Waverly D. Crenshaw, Jr.** |
| | ) | |
| **JOSHUA HAMLETT, in his official** | ) | |
| **and individual capacity,** | ) | |
| **JAMES ZAHN, in his official and** | ) | |
| **individual capacity,** | ) | |
| **COLONEL MATT PERRY, in his** | ) | |
| **official and individual capacity,** | ) | |
| **CAPTAIN CHRISTY WALLACE,** | ) | |
| **in her official and individual capacity** | ) | |
| **RALPH BELLO, in his official** | ) | |
| **and individual capacity** | ) | |
| **WILLIAM "CHIP" KAIN, in his** | ) | |
| **official and individual capacity** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

**ANSWER ON BEHALF OF DEFENDANTS RALPH BELLO AND WILLIAM "CHIP" KAIN**

---

Defendants Director Ralph Bello and Commissioner William "Chip" Kain ("these Defendants") answer Plaintiff Hunger Lundgren's amended complaint as follows without waiving any defenses that may apply to other defendants.

**JURISDICTION AND VENUE**

1. Admitted that if Lundgren asserts viable claims under 28 U.S.C. Section § 1331 and 28 U.S.C. Section § 1343(a)(3), this Court has jurisdiction. Otherwise, the allegations in this paragraph are denied.

1

2. Admitted that if Lundgren asserts viable claims under the U.S. Constitution and 42 U.S.C. Section § 1983 against these Defendants, this Court would have supplemental jurisdiction over any state law claims that arise out of the same case or controversy. Otherwise, the allegations in this paragraph are denied.

3. Admitted that Lundgren seeks the remedies outlined in this paragraph. Denied that he is entitled to them.

4. Admitted.

5. Admitted that Lundgren is bringing this lawsuit to redress the alleged violations included in this paragraph. Denied that these Defendants violated Lundgren's rights.

6. Admitted that Lundgren is seeking the asserted relief. Denied that Lundgren is entitled to such relief.

7. Admitted that Lundgren is seeking injunctive relief to reform certain alleged customs, policies or practices of the Tennessee Highway Patrol (THP). The remaining allegations in this paragraph are denied.

**PARTIES**

8. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

9. Admitted that Lundgren is suing Joshua Hamlett in his official and individual capacity. These Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

10. Admitted that Lundgren is suing James Zahn in his official and individual capacity. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

2

11. Admitted that Lundgren is suing Colonel Perry in his official and individual capacity. These Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

12. Admitted that Lundgren is suing Captain Christy Wallace in her individual and official capacity. These Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

13. Denied that Director Bello was the "Director of the Tennessee Law Enforcement Training Academy (TLETA) and Executive Secretary [of] Tennessee Peace Officers Standards & Training Commission ("POST")" on September 29, 2024, the "time of the incident complained of." Admitted that Director Bello is and was responsible for overseeing certain aspects of coursework, training, and instruction at TLETA on September 29, 2024. Admitted that Director Bello had the authority to make certain recommendations regarding POST policy and training decisions at POST on September 29, 2024. Denied that Director Bello was a "trainer" for THP or "provid[ed] training materials" directly to THP. Denied that Tenn. Code Ann. §47-4-102 states that "each member of the THP is required to meet POST minimum standard requirements to graduate the Department of Safety Academy" or stands for this principle. Admitted that Lundgren is suing Director Bello in his individual and official capacity. The remaining allegations in this paragraph are denied.

14. Admitted that Lundgren is suing Commissioner Kain in his official and individual capacity for misconduct occurring under color of state law. The remaining allegations in this paragraph are denied.

15. Denied.

3

16. Denied.

17. Admitted.

18. These Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

**FACTS**

19.  These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

20. These Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations in this paragraph.

21. These Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations in this paragraph.

22. These Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations in this paragraph.

23. These Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations in this paragraph.

24. These Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations in this paragraph.

25.  These Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations in this paragraph.

26. These Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations in this paragraph.

27. These Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations in this paragraph.

28. These Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations in this paragraph.

29. These Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations in this paragraph.

30. These Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations in this paragraph.

31. These Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations in this paragraph.

32. These Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations in this paragraph.

33. These Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations in this paragraph.

34. These Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations in this paragraph.

35. These Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations in this paragraph.

36. These Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations in this paragraph.

37. These Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations in this paragraph.

38. These Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations in this paragraph.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Admitted upon information and belief that Trooper Zahn and Trooper Hamlett were acting under color of law as law enforcement officers when they interacted with Lundgren on September 29, 2024. These Defendants lack knowledge or information sufficient to form a belief about the truth of the truth in the remainder of the allegations in this paragraph.

44. Denied.

45. These Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations in this paragraph.

46. These Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations in this paragraph.

47. These Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations in this paragraph.

48. Denied.

49. Denied.

50. These Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations in this paragraph.

51. These Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations in this paragraph.

52. This paragraph consists of a legal conclusion to which no response is required. To the extent a response is required, denied.

6

53. This paragraph consists of a legal conclusion to which no response is required. To the extent a response is required, denied.

54. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

55. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

56. Admitted upon information and belief that Lundgren was arrested for driving under the influence. The remainder of the allegations contained in this paragraph are denied.

57. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

58. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

59. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

60. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

61. Denied.

62. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

63. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

64. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

65. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

66. Denied.

67. Denied that at the time of his arrest, Trooper Zahn or Trooper Hamlett lacked probable cause to believe that Plaintiff had committed a crime or violated any other state statute or regulation. These Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

68. Denied.

69. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

70. Denied.

71. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

72. Denied.

73. Denied.

74. Admitted that Director Bello and Commissioner Kain are not THP employees. The remaining allegations in this paragraph are denied.

**DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983**

The two unnumbered paragraphs consist of legal conclusions to which no response is required. To the extent a response is required by these Defendants, all allegations in these paragraphs are denied.

8

**FIRST COUNT**
**Unlawful Seizure**

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

81. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

82. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

83. Admitted that Lundgren was arrested and charged with DUI. The remainder of the allegations contained in this paragraph are denied.

84. These Defendants lack knowledge or information sufficient to form a belief as to whether Lundgren incurred lost wages, legal fees, or towing expenses as a result of his arrest.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

## SECOND COUNT
## False Arrest and Illegal Search

90. Denied.

91. Denied.

92. Denied.

93. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required by these Defendants, denied.

94. Denied.

95. Denied.

96. These Defendants lack knowledge or information sufficient to form a belief about the statements made "to Plaintiff at the scene." Admitted that Tennessee permits the use of breathalyzers and Tenn. Code Ann. § 55-10-406 states that officers may require blood or oral fluid tests under certain conditions.

97. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

98. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

105.    Denied.

106.     The allegations in this paragraph are purely legal conclusions and are denied on these grounds.

107.    The allegations in this paragraph are purely legal conclusions and are denied on these grounds.

108.    Denied.

109.    Denied.

110.    Denied.

111.    Denied.

112.    Denied.

113.    Denied.

114.    Denied.

**THIRD COUNT**
**State Law Claims of False Imprisonment**

115.    Denied.

116.    Denied.

117.    Denied.

118.    Denied.

119.    Denied.

120.    Denied.

121.    Denied.

**FOURTH COUNT**
**Culpability of the THP**

122.    Denied

123.    Denied.

124.    Denied that the "pattern" described in paragraph 123 exists. These Defendants lack knowledge or information sufficient to form a belief about "investigations" performed or published by WSMV4.

125.    Admitted that THP is a state police force that enforces traffic laws.

126.    Admitted that Colonel Perry is the Colonel of the THP. These Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

127.    Denied as to these Defendants. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations addressed to Captain Wallace.

128.    Denied.

129.    Denied.

130.    Denied.

131.    Denied.

132.    Denied.

133.    Denied.

134.    Denied.

135.    Denied.

136.    Denied.

137.    Denied.

138.    Denied.

139.    Denied.

140.    Denied.

12

141. Admitted that THP officers must be certified by POST. These Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

142. Denied.

143. These Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

144. These Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations.

145. Denied.

146. Denied.

147. Denied.

148. Denied.

149. Denied.

150. Denied.

151. These Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations.

152. These Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations.

153. Denied.

154. Denied.

155. Denied.

156. Denied.

157. Denied.

13

158.    These Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations.

159.    Admitted that Lundgren is seeking injunctive relief. Denied that he is entitled to such relief.

160.    Admitted that Lundgren is seeking declaratory or injunctive relief. Denied that he is entitled to such relief.

161.    Denied.

162.    Denied that Lundgren "is required" to operate a "motor vehicle" on state highways. Admitted that THP patrols certain Tennessee roads. These Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

163.    These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

164.    Denied.

165.    Denied.

166.    Denied.

167.    Denied.

168.    Denied.

169.    Denied.

170.    Denied.

171.    Denied.

172.    Denied.

173.    Denied.

174.   Denied.

175.   Denied.

176.   Denied.

## FIFTH COUNT
## Tennessee State Law Claims for Assault, Battery and Negligence

177.   Admitted that Lundgren is asserting violations of Tennessee state law.  Denied
that these Defendants have committed these violations.

178.   Denied.

179.   Denied.

180.   Denied.

## DAMAGES

181.   Denied.

182.   Denied.

183.   Denied.

## PRAYER FOR RELIEF

These Defendants admit that Lundgren is entitled to a trial by jury but denies all other
requested relief, including the requested relief in subparts (1) through (6).

## AFFIRMATIVE DEFENSES

Having fully answered the complaint, these Defendants asserts the following affirmative
defenses:

1.   No act or omission by these Defendants, Ralph Bello and William "Chip" Kain, deprived
Lundgren of his constitutional rights or violated any state law;

2.   These Defendants are entitled to qualified immunity;

15

3. These Defendants are entitled to sovereign immunity as to any official capacity claim asserted against them since Lundgren's suit pertains to retrospective events, primarily his arrest on September 29, 2024;

4. Lundgren fails to state a claim against these Defendants for reasons including, but not limited to: these Defendants are not THP employees, do not have control over Trooper Zahn or Trooper Hamlett's actions, and do not have operational control over THP;

5. To the extent that Lundgren has damages, he has failed to mitigate them.

## REQUEST FOR RELIEF

1. This Court dismisses all claims against these Defendants.

2. This Court award these Defendants their attorneys' fees and costs pursuant to 42 U.S.C. §1988 and Tenn. Code Ann. § 29-20-113.

3. Pursuant to Fed. R. Civ. P. 38, these Defendants demand a jury trial.

Respectfully submitted,

JONATHAN SKRMETTI
Attorney General and Reporter

/s / Hollie R. Parrish
HOLLIE R. PARRISH, BPR 037888
*Assistant Attorney General*
Law Enforcement and
Special Prosecutions Division
P.O. Box 20207
Nashville, Tennessee 37202-0207
Phone: (615) 741-8086
Fax: (615) 532-2541
Hollie.Parrish@ag.tn.gov
*Counsel for Defendants Ralph Bello*
*and William "Chip" Kain*

16

**CERTIFICATE OF SERVICE**

I hereby certify that a true and exact copy of the foregoing was filed and served via the Court's electronic filing system on this the 9th day of March 2026, upon:

H. FRANKLIN CHANCEY
P.O. Box 42
Cleveland, TN 37364
(423) 479-9186
franklin@cklplaw.com
*Counsel for Plaintiff*

/s/ *Hollie R. Parrish*
HOLLIE R. PARRISH