IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **HUNTER K. LUNDGREN,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:25-CV-01093 |
| | ) | Judge Waverly D. Crenshaw, Jr. |
| | ) | |
| **JOSHUA HAMLETT, in his official** | ) | |
| **and individual capacity,** | ) | |
| **JAMES ZAHN, in his official and** | ) | |
| **individual capacity,** | ) | |
| **COLONEL MATT PERRY, in his** | ) | |
| **official and individual capacity,** | ) | |
| **CAPTAIN CHRISTY WALLACE,** | ) | |
| **in her official and individual capacity** | ) | |
| **RALPH BELLO, in his official** | ) | |
| **and individual capacity** | ) | |
| **WILLIAM "CHIP" KAIN, in his** | ) | |
| **official and individual capacity** | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER ON BEHALF OF DEFENDANT JOSHUA HAMLETT TO THE AMENDED COMPLAINT

Defendant Joshua Hamlett answers Plaintiff Hunger Lundgren's amended complaint as follows without waiving any defenses that may apply to other defendants.

### JURISDICTION AND VENUE

1. Admitted.

2. Admitted that if Lundgren asserts viable claims under the U.S. Constitution and 42 U.S.C. Section § 1983 against Trooper Hamlett, this Court would have supplemental jurisdiction over any state law claims that arise out of the same case or controversy. Otherwise, the allegations contained in this paragraph are denied.

1

3. Admitted that Lundgren seeks the remedies outlined in this paragraph. Denied that he is entitled to them.

4. Admitted.

5. Admitted that Lundgren is bringing this lawsuit to redress the alleged violations included in this paragraph. Denied that Trooper Hamlett violated Lundgren's rights.

6. Admitted that Lundgren is seeking the asserted relief against Trooper Hamlett. Denied that Lundgren's is entitled to such relief.

7. Admitted that Lundgren is seeking injunctive relief to reform certain alleged customs, policies or practices of the Tennessee Highway Patrol (THP). The remaining allegations in this paragraph are denied.

## PARTIES

8. Trooper Hamlett lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

9. Admitted that THP employed Trooper Hamlett on September 29, 2024, the "day of the events giving rise to this action." Admitted that Lundgren is suing Trooper Hamlett in his individual and official capacity. The remainder of the allegations in this paragraph are denied.

10. Admitted that THP employed Trooper Zahn on September 29, 2024, the "day of the events giving rise to this action." Admitted that Lundgren is suing Trooper Zahn in his individual and official capacity. The remainder of the allegations in this paragraph are denied.

11. Admitted that Colonel Matt Perry was an officer with the THP on September 29, 2024, the "time of the incident complained of herein." Admitted that Lundgren is suing

Colonel Perry in his official and individual capacity. Trooper Hamlett lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

12. Admitted that Captain Christy Wallace was an officer with the THP now and on September 29, 2024. Admitted that Lundgren is suing Captain Wallace in her individual and official capacity. Trooper Hamlett lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

13. Admitted that Lundgren is suing Ralph Bello in his individual and official capacity. Trooper Hamlett lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

14. Admitted that Lundgren is suing William "Chip" Kain in his individual and official capacity. Trooper Hamlett lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

15. Denied.

16. Denied.

17. Admitted as to Trooper Hamlett. Admitted upon information and belief as to the other defendants in this suit.

18. Trooper Hamlett lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

## FACTS

19. Trooper Hamlett lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

3

20. Trooper Hamlett lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

21. Admitted that there was "dash cam footage" of "one of the responding officers approaching the intersection with Murfreesboro Road from Cox Road" on September 29, 2024. Further admitted that Lundgren has included what he purports to be a screenshot of this dash cam footage in this paragraph of the complaint. Denied that this dash camera footage shows "complete darkness…except for the vehicle headlights" upon approaching the intersection. Trooper Hamlett lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

22. Trooper Hamlett lacks knowledge or information sufficient to form a belief about the truth of these allegations in this paragraph.

23. Admitted that there was no guardrail at the intersection of Murfreesboro Road and Cox Road on the night of September 29, 2024. Trooper Hamlett lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

24. Admitted.

25. Admitted that Lundgren came to a stop in a field as depicted in the photograph referred to in paragraph 23 of the Complaint. Trooper Hamlett lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

26. Trooper Hamlett lacks knowledge or information sufficient to form a belief about the truth of these allegations.

4

27. Admitted that Lundgren's airbag deployed. Trooper Hamlett lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

28. Admitted.

29. Admitted.

30. Admitted that emergency medical technicians evaluated Lundgren at the crash site. Trooper Hamlett lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

31. Trooper Hamlett lacks knowledge or information sufficient to form a belief about the truth of these allegations in this paragraph.

32. Trooper Hamlett lacks knowledge or information sufficient to form a belief about the truth of these allegations.

33. Denied that Lundgren made any such statements to Trooper Hamlett. Trooper Hamlett lacks knowledge or information sufficient to form a belief about whether Lundgren made any such statements to Trooper Zahn.

34. Trooper Hamlett lacks knowledge or information sufficient to form a belief about the truth of these allegations.

35. Trooper Hamlett lacks knowledge or information sufficient to form a belief about the truth of these allegations.

36. Denied.

37. Trooper Hamlett lacks knowledge or information sufficient to form a belief about the truth of these allegations.

38. Trooper Hamlett lacks knowledge or information sufficient to form a belief about the truth of these allegations.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Admitted that Trooper Zahn and Trooper Hamlett were acting as law enforcement officers when they interacted with Lundgren on September 29, 2024. The remainer of the allegations in this paragraph are denied.

44. Denied.

45. Trooper Hamlett lacks knowledge or information sufficient to form a belief about the truth of these allegations.

46. Denied that Trooper Hamlett conducted field sobriety testing of Lundgren. Admitted that Trooper Zahn conducted the field sobriety tests listed. Trooper Hamlett lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

47. Denied.

48. Denied.

49. Admitted that Trooper Zahn placed Lundgren under arrest and charged Lundgren with driving under the influence. The remaining allegations in this paragraph are denied.

50. Trooper Hamlett lacks knowledge or information sufficient to form a belief about the truth of these allegations.

6

51. Trooper Hamlett lacks knowledge or information sufficient to form a belief about the truth of these allegations.

52. This paragraph consists of legal conclusions to which no response is required by Trooper Hamlett. To the extent a response is required, denied.

53. This paragraph consists of legal conclusions to which no response is required by Trooper Hamlett. To the extent a response is required, denied.

54. Trooper Hamlett lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

55. Admitted that Lundgren agreed to undergo field sobriety testing. The remainder of the allegations contained in this paragraph are denied.

56. Admitted that Trooper Zahn arrested Lundgren for driving under the influence. The remainder of the allegations contained in this paragraph are denied.

57. Denied.

58. Trooper Hamlett lacks knowledge or information sufficient to form a belief about the truth of these allegations.

59. Admitted that in the body camera footage records Trooper Zahn tells Trooper Hamlett that Trooper Zahn will "probably do field sobriety" testing on Lundgren. Denied that this conversation occurred before Trooper Zahn had seen or "spoken with [Lundgren]." Trooper Hamlett lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

60. Trooper Hamlett lacks knowledge or information sufficient to form a belief about the truth of these allegations.

61. Denied.

62. Admitted that Lundgren was placed in the back of the patrol car while handcuffed. Trooper Hamlett lacks knowledge or information sufficient to form a belief about whether Lundgren was "visibly upset."

63. Admitted as to Trooper Hamlett. Trooper Hamlett lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

64. Trooper Hamlett lacks knowledge or information sufficient to form a belief about the truth of these allegations.

65. Admitted.

66. Denied that at the time of his arrest, Trooper Zahn or Trooper Hamlett lacked probable cause to believe that Plaintiff had committed a crime or violated any other state statute or regulation. Admitted that months later, the TBI determined that Lundgren did not have any of the substances that they test for in his system at the time of his blood draw on September 29, 2024.

67. Denied that Trooper Zahn lacked probable cause to arrest Plaintiff. Admitted that he did not have a warrant to obtain Plaintiff's blood. The remaining allegations in this paragraph are denied.

68. Denied.

69. Trooper Hamlett lacks knowledge or information sufficient to form a belief about the truth of these allegations.

70. Denied.

71. Admitted that Lundgren was not prosecuted for any criminal charges associated with his arrest on September 29, 2024. Trooper Hamlett lacks knowledge or information sufficient to form a belief about the truth of these remaining allegations.

72. Denied.

73. Trooper Hamlett lacks knowledge or information sufficient to form a belief about the truth of these allegations.

74. Trooper Hamlett lacks knowledge or information sufficient to form a belief about the truth of these allegations.

**DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983**

The two unnumbered paragraphs consist of legal conclusions to which no response is required. To the extent a response is required by Trooper Hamlett, all allegations in these paragraphs are denied.

**FIRST COUNT**
**Unlawful Seizure**

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied that Plaintiff was forced to submit to a blood alcohol test. The remainder of the allegations contained in this paragraph are admitted.

81. Admitted that Lundgren tested negative for "all substances tested" in the blood draw. The remainder of the allegations contained in this paragraph are denied.

82. Admitted that Lungren had not been advised of his Miranda rights and asked Zahn at the hospital if he needed to sign a form pertaining to those rights. Trooper Hamlett lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

83. Admitted that Lundgren was arrested and charged with DUI. The remainder of the allegations in this paragraph are denied.

84. Trooper Hamlett lacks knowledge or information sufficient to form a belief as to whether Lundgren incurred lost wages, legal fees, or towing expenses as a result of his arrest.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

## SECOND COUNT
## False Arrest and Illegal Search

90. Denied.

91. Denied.

92. Denied.

93. The allegations in this paragraph consist of legal conclusions to which no response is required by Trooper Hamlett. To the extent a response is required, denied.

94. Denied.

95. Denied.

96. Denied that Trooper Hamlett told Lundgren that Tennessee prohibits the use of breathalyzer tests. Admitted that Tennessee permits the use of breathalyzer tests in some circumstances. And that Tenn. Code Ann. § 55-10-406 allows for blood and oral fluid tests in some circumstances.

97. Admitted.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. Admitted that Lundgren voluntarily agreed to take an alcohol blood test. The remainder of the allegations in this paragraph are denied.

105. Denied.

106. Denied.

107. The allegations in this paragraph consist of legal conclusions to which no response is required by Trooper Hamlett. To the extent a response is required, denied.

108. The allegations in this paragraph consist of legal conclusions to which no response is required by Trooper Hamlett. To the extent a response is required, denied.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

114. Denied.

## THIRD COUNT
### State Law Claims of False Imprisonment

115. Denied.

116. Denied.

117. Denied.

118. Denied.

119. Denied.

120. Denied.

121. Denied.

## FOURTH COUNT
### Culpability of the THP

122. Denied

123. Denied.

124. Denied that the "pattern" described in paragraph 123 exists. Trooper Hamlett lacks knowledge or information sufficient to form a belief about purported investigations performed or published by WSMV4.

125. Admitted that THP is a state police force that enforces traffic laws.

126. Admitted that Colonel Perry is the Colonel of the THP. Trooper Hamlett lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

127. Trooper Hamlett lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

128. Denied.

129. Denied.

130. Trooper Hamlett lacks knowledge or information sufficient to form a belief about the truth of these allegations.

131. Denied.

132. Denied.

133. Denied.

134. Denied.

135. Denied.

136. Denied.

137. Denied.

138. Denied.

139. Denied.

140. Denied.

141. Trooper Hamlett lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

142. Trooper Hamlett lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

143. Trooper Hamlett lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

144. Trooper Hamlett lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

145. Denied.

146. Denied.

147. Denied.

148. Denied.

149. Denied.

150. Denied.

151. Trooper Hamlett lacks knowledge or information sufficient to form a belief about the truth of these allegations.

152. Trooper Hamlett lacks knowledge or information sufficient to form a belief about the truth of these allegations.

153. Denied.

154. Denied.

155. Denied.

156. Denied.

157. Denied.

158. Trooper Hamlett lacks knowledge or information sufficient to form a belief about the truth of these allegations.

159. Admitted that Lundgren is seeking injunctive relief. Denied that he is entitled to such relief.

160. Admitted that Lundgren is seeking declaratory or injunctive relief. Denied that he is entitled to such relief.

161. Denied.

162. Denied that Lundgren "is required" to operate a "motor vehicle" on state highways. Admitted that THP officers patrol certain Tennessee roads, including, at times, Cox Road, Murfreesboro Road, and the location where Lundgren was arrested.

163. Trooper Hamlett lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

164. Denied.

165. Denied.

166. Denied.

167. Denied.

168. Denied.

169. Denied.

170. Denied.

171. Denied.

172. Denied.

173. Denied.

174. Denied.

175. Denied.

176. Denied.

## FIFTH COUNT
### Tennessee State Law Claims for Assault, Battery and Negligence

177. Admitted that Lundgren is asserting violations of Tennessee state law. Denied that Trooper Hamlett has committed any such violations.

178. Denied.

179. Denied.

180. Denied.

## DAMAGES

181. Admitted Lundgren avers he is entitled to this relief. Denied he is entitled to such relief.

182. Denied.

183. Denied.

## PRAYER FOR RELIEF

Trooper Hamlett admits that Lundgren is entitled to a trial by jury but denies all other requested relief, including the requested relief in subparts (1) through (6).

## AFFIRMATIVE DEFENSES

Having fully answered the complaint, Trooper Hamlett asserts the following affirmative defenses:

1. No act or omission by Trooper Hamlett deprived Lundgren of his constitutional rights or violated any state law;

2. Trooper Hamlett is entitled to qualified immunity;

3. Trooper Hamlett is entitled to sovereign immunity as to any allegations against him in his official capacity because the claims in this suit pertain to retrospective action, namely Lundgren's arrest on September 29, 2024;

4. To the extent that Lundgren has damages, he has failed to mitigate them.

## REQUEST FOR RELIEF

1. This Court dismiss all claims against Trooper Hamlett.

2. This Court award Trooper Hamlett his attorneys' fees and costs pursuant to 42 U.S.C. §1988 and Tenn. Code Ann. § 29-20-113.

3. Pursuant to Fed. R. Civ. P. 38, Trooper Hamlett demands a jury trial.

Respectfully submitted,

JONATHAN SKRMETTI
Attorney General and Reporter

/s / Hollie R. Parrish
HOLLIE R. PARRISH, BPR 037888
*Assistant Attorney General*
Law Enforcement and
Special Prosecutions Division
P.O. Box 20207
Nashville, Tennessee 37202-0207
Phone: (615) 741-8086
Fax: (615) 532-2541
Hollie.Parrish@ag.tn.gov
*Counsel for Defendant Joshua Hamlett*

# CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing was filed and served via the Court's electronic filing system on this the 9th day of March 2026, upon:

H. FRANKLIN CHANCEY
P.O. Box 42
Cleveland, TN 37364
(423) 479-9186
franklin@cklplaw.com
*Counsel for Plaintiff*

/s/ *Hollie R. Parrish*
HOLLIE R. PARRISH