IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE

HUNTER K. LUNDGREN,
      Plaintiff,

v.

Docket No. 3:25-cv-01093
JURY DEMAND

JOSHUA HAMLETT, in his official and individual capacity,
JAMES ZAHN, in his official and individual capacity,
COLONEL MATT PERRY, in his official and individual capacity,
CAPTAIN CHRISTY WALLACE, in her official and individual capacity,
RALPH BELLO, in his official and individual capacity, and
WILLIAM "CHIP" KAIN, in his official and individual capacity,
      Defendants.

---

## PROPOSED INITIAL CASE MANAGEMENT ORDER

---

A. JURISDICTION: The court has jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343(a)(3) because the controversy arises under the U.S. Constitution and 42 U.S.C. §1983. This Court also has supplemental jurisdiction over claims asserted against Defendants under Tennessee state law pursuant to 28 U.S.C. §1367.

B. BRIEF THEORIES OF THE PARTIES:

For Plaintiff: This Complaint seeks remedies pursuant to 42 U.S.C. §§1983 and 1988 alleging violations of the Fourth and Fourteenth Amendments to the Constitution of the United States of America as well as the laws of the State of Tennessee.

For Defendants: Defendants did not violate Plaintiff's constitutional or state-law rights. They deny liability as to all counts asserted against them in the Complaint and assert that Plaintiff's arrest was supported by probable cause, that all Defendants have qualified immunity against individual capacity claims; that all Defendants have sovereign immunity against claims against them in their official capacity and there is insufficient evidence to support the claims

1

against all Defendants.

C. ISSUES RESOLVED:

1.     Jurisdiction and venue are appropriate in this Court because a substantial portion of the events giving rise to this action occurred within this District.

D. ISSUES STILL IN DISPUTE:

Liability and damages.

E. INITIAL DISCLOSURES:

The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) **by or before May 6, 2026.**

F. CASE RESOLUTION PLAN AND JOINT ADR REPORTS:

[The parties shall develop a plan for resolution of the case that includes at least two independent attempts to resolve the case. The first attempt shall occur no later than 120 days from the initial case management conference, and the second attempt shall occur before the deadline for filing dispositive motions. The parties are encouraged to consider the Alternative Dispute Resolution options provided in Local Rule 16.02 through 16.07. If the parties do not propose a plan for resolution of the case, the Court will establish case resolution plan requirements.] By no later than **August 19, 2026**, the parties shall submit a joint report to advise the Court that the parties made a good faith effort to resolve the case. The joint report shall also state whether the parties request referral of the case for ADR. An updated joint report, including whether the parties request referral of the case for ADR, shall be filed no later than sixty (60) days in advance of the deadline for the filing of dispositive motions or by **August 12, 2027**.

G. DISCOVERY: The parties must complete all written discovery and depose all fact witnesses on or before **April 19, 2027.** Discovery is not stayed during dispositive or other motions,

2

unless ordered by the Court. No motions concerning discovery are to be filed until after counsel have spoken in a good faith effort to resolve any dispute(s). Discovery motions are to be filed in accordance with the practices of the Magistrate Judge, who will resolve all disputes. All discovery-related motions shall be filed by no later than **February 19, 2027**.

H. MOTIONS TO AMEND OR TO ADD PARTIES: Any motions to amend or to add parties must be filed by no later than **September 7, 2026** and must comply with Local Rules 7.01 and 15.01. Failure to comply with local rules may result in summary denial of the motion. Amendments or addition of parties by written consent under Fed. R. Civ. P. 15(a)(2) must be filed by the deadline for amendment motions and must clearly and conspicuously state that the amendment is filed by written consent. Failure to clearly and conspicuously provide notice of the consent filing may result in the amended pleading being stricken.

I.      DISCLOSURE OF EXPERTS: The plaintiff shall identify and disclose all expert witnesses and expert reports on or before **May 10, 2027**. The defendant shall identify and disclose all expert witnesses and reports on or before **June 10, 2027.**

J. DEPOSITIONS OF EXPERT WITNESSES: All experts shall be deposed by no later than **August 12, 2027.**

K. SUBSEQUENT CASE MANAGEMENT CONFERENCE. A subsequent case management conference shall be held on **June 21, 2027**, to address: status of discovery (including any discovery issues or disputes); prospect for settlement (including propriety of ADR); and, any other appropriate matters.

L. DISPOSITIVE MOTIONS: Dispositive motions shall be filed by no later than **October 11, 2027**. Responses to dispositive motions shall be filed within 28 days after the filing of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall

3

not exceed 25 pages. Optional replies may be filed within 14 days after the filing of the response and shall not exceed 5 pages. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the Court. In all other respects, the provisions of Local Rule 56.01 shall govern.

M. ELECTRONIC DISCOVERY. The parties anticipate reaching an agreement on how to conduct electronic discovery. Administrative Order No.174 therefore need not apply to this case. However, in the absence of an agreement, the default standards of Administrative Order No. 174 will apply.

N. ESTIMATED TRIAL TIME AND TARGET TRIAL DATE: The JURY trial of this action is expected to last approximately three (3) days. A trial date no earlier than **January 10, 2028** is respectfully requested. An order setting dates for trial and a pretrial conference, and detailing the parties' pretrial obligations, will be entered separately by Judge Crenshaw, Jr.

It is so ORDERED.

_____
WAVERLY D. CRENSHAW, JR
United States District Judge

4

APPROVED FOR ENTRY:

/s / H. Franklin Chancey
H. FRANKLIN CHANCEY, BPR#013187
P.O. Box 42
Cleveland, TN 37364
(423) 479-9186
franklin@cklplaw.com
*Counsel for Plaintiff*


/s / Hollie R. Parrish
HOLLIE R. PARRISH, BPR# 037888
*Assistant Attorney General*
Law Enforcement and
Special Prosecutions Division
P.O. Box 20207
Nashville, Tennessee 37202-0207
Phone: (615) 741-8086
Fax: (615) 532-2541
Hollie.Parrish@ag.tn.gov
*Counsel for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 16, 2026, the parties' Proposed Initial Case Management

Order was filed electronically via the Court's CM/ECF electronic filing system, and was served

on all parties via the Court's CM/ECT electronic filing system.

_s/ Franklin Chancey__
Franklin Chancey

5