## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

HUNTER K. LUNDGREN,      )
    Plaintiff,      )
      )
v.      )      **Docket No. 3:25-cv-01093**
      )      **Judge Crenshaw/Frensley**
      )      **Jury Demand**
JOSHUA HAMLETT, in his official and  )
individual capacity, JAMES ZAHN, in his)
official and individual capacity,      )
COLONEL MATT PERRY, in his official)
and individual capacity, CAPTAIN      )
CHRISTY WALLACE, in her official and)
individual capacity, RALPH BELLO, in  )
his official and individual capacity, and  )
WILLIAM "CHIP" KAIN, in his official  )
and individual capacity,      )
    Defendants.      )

---

## INITIAL CASE MANAGEMENT ORDER

---

A.      JURISDICTION: The court has jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343(a)(3) because the controversy arises under the U.S. Constitution and 42 U.S.C. §1983. This Court also has supplemental jurisdiction over claims asserted against Defendants under Tennessee state law pursuant to 28 U.S.C. §1367.

B.      BRIEF THEORIES OF THE PARTIES:

For Plaintiff: This Complaint seeks remedies pursuant to 42 U.S.C. §§1983 and 1988 alleging violations of the Fourth and Fourteenth Amendments to the Constitution of the United States of America as well as the laws of the State of Tennessee.

For Defendants: Defendants did not violate Plaintiff's constitutional or state-law rights. They deny liability as to all counts asserted against them in the Complaint and assert that

Plaintiff's arrest was supported by probable cause, that all Defendants have qualified immunity against individual capacity claims; that all Defendants have sovereign immunity against claims against them in their official capacity and there is insufficient evidence to support the claims against all Defendants.

C.     ISSUES RESOLVED: Jurisdiction and venue are appropriate in this Court because a substantial portion of the events giving rise to this action occurred within this District.

D.     ISSUES STILL IN DISPUTE: Liability and damages.

E.     INITIAL DISCLOSURES: The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) **by or before May 6, 2026.**

F.     CASE RESOLUTION PLAN AND JOINT ADR REPORTS: The parties must make a **minimum of two independent, substantive** attempts to resolve this case.  By no later than **August 19, 2026**, the parties must file a joint case resolution status report confirming their first substantive attempt at settlement.  **The parties must have conducted enough discovery or otherwise exchanged enough information prior to this date to substantively evaluate and discuss settlement.**  By no later than **May 7, 2027**, the parties must file another joint status report, which either confirms their second substantive attempt at case resolution or updates the Court on the status of their intended second attempt.  The parties' joint reports **must state** the specific steps taken toward case resolution, including that an offer or demand was made and responded to and that counsel discussed the parties' positions and specific next steps to promote case resolution.  In other words, the parties must "show their work" in creating a plan to facilitate successful settlement negotiations. The parties may mediate by agreement without the need of further order unless referral for pro bono mediation is requested (which must be made by motion).  Any motion for pro bono mediation must include a statement as to why private mediation is not feasible. Any motion

2

for a judicial settlement conference must state (i) the reasons why mediation is not feasible and why a judicial settlement conference is the preferable means of attempting to resolve the case; (ii) the parties' proposed timing for scheduling of the settlement conference; and (iii) any preference of a particular Magistrate Judge to conduct the settlement conference. The parties' compliance with this case resolution plan is not optional.

G. DISCOVERY: The parties must complete all written discovery and depose all fact witnesses on or before **February 5, 2027.** Discovery is not stayed during dispositive or other motions, unless ordered by the Court. No motions concerning discovery are to be filed until after counsel have spoken in a good faith effort to resolve any dispute(s). Discovery motions are to be filed in accordance with the practices of the Magistrate Judge, who will resolve all disputes. All discovery-related motions shall be filed by no later than **January 15, 2027**.

H. MOTIONS TO AMEND OR TO ADD PARTIES: Any motions to amend or to add parties must be filed by no later than **July 6, 2026,** and must comply with Local Rules 7.01 and 15.01. Failure to comply with local rules may result in summary denial of the motion. Amendments or addition of parties by written consent under Fed. R. Civ. P. 15(a)(2) must be filed by the deadline for amendment motions and must clearly and conspicuously state that the amendment is filed by written consent. Failure to clearly and conspicuously provide notice of the consent filing may result in the amended pleading being stricken.

I. DISCLOSURE OF EXPERTS: The plaintiff shall identify and disclose all expert witnesses and expert reports on or before **February 26, 2027**. The defendant shall identify and disclose all expert witnesses and reports on or before **March 26, 2027.**

J. DEPOSITIONS OF EXPERT WITNESSES: All experts shall be deposed by no later than **May 26, 2027.**

K. SUBSEQUENT CASE MANAGEMENT CONFERENCE. A subsequent case management conference shall be held on **January 4, 2027, 9:00 a.m.** to address: status of discovery (including any discovery issues or disputes); prospect for settlement (including propriety of ADR); and, any other appropriate matters. The Parties shall call 1-855-244-8681, at the appointed time. and when prompted for the access code, enter 23139129180# to participate in the Conference. If a party has difficulty connecting to the call or has been on hold for more than five (5) minutes, please contact chambers at 615-736-7344.

L. DISPOSITIVE MOTIONS: Dispositive motions shall be filed by no later than **July 26, 2027**. Responses to dispositive motions shall be filed within 28 days after the filing of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed within 14 days after the filing of the response and shall not exceed 5 pages. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the Court. In all other respects, the provisions of Local Rule 56.01 shall govern.

M. ELECTRONIC DISCOVERY. The parties anticipate reaching an agreement on how to conduct electronic discovery. Administrative Order No. 174-1 therefore need not apply to this case. However, in the absence of an agreement, the default standards of Administrative Order No. 174-1 will apply.

N. ESTIMATED TRIAL TIME AND TARGET TRIAL DATE: The **JURY** trial of this action is expected to last approximately three (3) days. A trial date no earlier than **December 7, 2027,** is respectfully requested. An order setting dates for trial and a pretrial conference, and

detailing the parties' pretrial obligations, will be entered separately by Judge Crenshaw, Jr.

**IT IS SO ORDERED.**

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**

5