IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| HUNTER K. LUNDGREN,<br><br>Plaintiff,<br><br>v.<br><br><br>JOSHUA HAMLETT, ET AL.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 3:25-CV-01093<br>Judge Waverly D. Crenshaw, Jr. |

JOINT MOTION FOR PROTECTIVE ORDER REGARDING
TENNESSEE BUREAU OF INVESTIGATION FILE

Defendants and Plaintiff (the "Parties"), pursuant to Fed. R. Civ. P. 26(c), move this Court for a protective order regarding laboratory case file records of the Tennessee Bureau of Investigation (TBI).

TBI laboratory Case File No. 241016958, the case file concerning Hunter Lundgren, may be relevant to the instant lawsuit. Good cause exists for the entry of a protective order, as such documents are protected as confidential pursuant to Tenn. Code Ann. § 10-7-504(a)(2)(A). To limit the public disclosure of this information, the Parties respectfully request that the Court enter a protective order pursuant to Fed. R. Civ. P. 26(c) providing as follows:

1. Counsel for the Defendant is hereby authorized to produce a copy of TBI laboratory Case File No. 241016958, received in response to a subpoena, to the Plaintiff.

2. Any information, records, or documentation consisting of law enforcement records, pertaining to investigation of the named Plaintiff, are designated by the parties for the purposes of discovery as confidential ("Confidential Information").

3. The scope of the Confidential Information does not cover any records which are

considered public under Tenn. Code Ann. § 10-7-503 and 504.

4. Any Confidential Information exchanged between the parties may only be provided, shared or discussed with the parties, counsel for the parties, employees, administrative staff, other staff members of the parties with a need to know, and witnesses, potential witnesses, experts, agents or entities that the parties, or counsel for the parties, may choose to contact for the purposes of this lawsuit, or any other consultant contacted for purposes of this lawsuit or any fact or allegation set forth in this lawsuit.

5. The contents of this Protective Order shall not affect the admissibility or use of any Confidential Information that the parties deem necessary for any deposition, hearing, or trial in this lawsuit. If a party plans to file documents constituting Confidential Information with the Court, the party shall notify opposing counsel, giving at least three days' notice to determine whether either party wants to seek leave to file such documents under seal, subject to the approval of the Court in conformity with Local Rule 5.03 and based on applicable legal standards for sealing documents from public view. Further, and notwithstanding the foregoing provisions, this Protective Order shall be without prejudice to the right of any party to challenge the propriety of discovery on any grounds including, but not limited to, relevance, privilege, and materiality.

6. Nothing in this Protective Order, including any designation of information as "Confidential Information," may be relied on or construed as a determination by or binding on the Court, including whether the information is confidential, is protected, or is subject to restriction from public access for any other purposes.

Respectfully submitted,

JONATHAN SKRMETTI
Attorney General and Reporter

/s/ Peako Jenkins
PEAKO JENKINS, BPR #32190
Senior Assistant Attorney General
Law Enforcement and Special
Prosecutions Division
P.O. Box 20207
Nashville, Tennessee 37202-0207
Office: 615-741-8059
Fax: 615-532-2541
Email: peako.jenkins@ag.tn.gov

/s/ H. Franklin Chancey (with permission)
H. Franklin Chancey, BPR #013187
CHANCEY-KANAVOS
P.O. Box 42
Cleveland, TN 37364
423-479-9186
franklin@cklplaw.com