IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| HUNTER K. LUNDGREN,<br><br>Plaintiff,<br><br>v.<br><br>JOSHUA HAMLETT, ET AL.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 3:25-CV-01093<br>Judge Waverly D. Crenshaw, Jr. |

PROTECTIVE ORDER REGARDING
TENNESSEE BUREAU OF INVESTIGATION FILE

Pending before the Court is the parties' joint motion for protective order regarding Tennessee Bureau of Investigation laboratory Case File No. 241016958 (Dkt. 51), which is GRANTED for the reasons requested.

It appearing to the Court that Defendants and Plaintiff (the "Parties") have shown that good cause exists for the entry of a protective order regarding TBI laboratory Case File No. 241016958 and the records contained therein, as the information is confidential pursuant to Tenn. Code Ann. § 10-7-504(a)(2)(A). Due to the confidential nature of the information and documentation requested, which will be exchanged between the parties through discovery and the pendency of this lawsuit, a protective order is proper.

This Protective Order shall immediately take effect upon the Court's signing the same. It is therefore ORDERED as follows:

1. Counsel for Defendant is hereby authorized to produce a copy of TBI laboratory Case File No. 241016958, received in response to a subpoena, to the Plaintiff.

2. Any information, records, or documentation consisting of TBI law enforcement

records, pertaining to investigation of the named Plaintiff, are designated by the parties for the purposes of discovery as confidential ("Confidential Information").

3. The scope of the Confidential Information does not cover any records which are considered public under Tenn. Code Ann. § 10-7-503 and -504.

4. Any Confidential Information exchanged between the parties may only be provided, shared or discussed with the parties, counsel for the parties, employees, administrative staff, other staff members of the parties with a need to know, and witnesses, potential witnesses, experts, agents or entities that the parties, or counsel for the parties, may choose to contact for the purposes of this lawsuit, or any other consultant contacted for purposes of this lawsuit or any fact or allegation set forth in this lawsuit.

5. The contents of this Protective Order shall not affect the admissibility or use of any Confidential Information that the parties deem necessary for any deposition, hearing, or trial in this lawsuit. If a party plans to file documents constituting Confidential Information with the Court, the party shall notify opposing counsel, giving at least three days' notice to determine whether either party wants to seek leave to file such documents under seal, subject to the approval of the Court in conformity with Local Rule 5.03 and based on applicable legal standards for sealing documents from public view. Further, and notwithstanding the foregoing provisions, this Protective Order shall be without prejudice to the right of any party to challenge the propriety of discovery on any grounds including, but not limited to, relevance, privilege, and materiality.

6. Nothing in this Protective Order, including any designation of information as "Confidential Information," may be relied on or construed as a determination by or binding on the Court, including whether the information is confidential, is protected, or is subject to restriction from public access for any other purposes.

It is so ORDERED.

JEFFERY S. FRENSLEY
UNITED STATES MAGISTRATE JUDGE

**APPROVED FOR ENTRY:**

/s/ Peako Jenkins
PEAKO JENKINS
Senior Assistant Attorney General
Office of the Attorney General
P.O. Box 20207
Nashville, Tennessee 37202-0207
615-741-8059
peako.jenkins@ag.tn.gov
*Attorney for Defendants*

/s/ H. Franklin Chancey (with permission)
H. Franklin Chancey, BPR #013187
CHANCEY-KANAVOS
P.O. Box 42
Cleveland, TN 37364
423-479-9186
franklin@cklplaw.com
*Counsel for Plaintiff*